## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

**THOMAS WHITEHILL,**

       **Plaintiff,**

v.                                                                                          Civil Action No. 23-cv-01030

**ASTRAZENECA PHARMACEUTICALS, LP,**

       **Defendant.**

### DEFENDANT'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant AstraZeneca Pharmaceuticals, LP ("AZ" or "Defendant"), hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the state court action described below. In support of this removal, Defendant states as follows:

### I.   THE REMOVED CASE

1. The removed case is a civil action commenced on June 24, 2023 by Plaintiff Thomas Whitehill ("Plaintiff" or "Whitehill") in the Circuit Court of Saint Charles County, State of Missouri, ("State Court"), entitled *Thomas Whitehill v. AstraZeneca Pharmaceuticals, LP,* Case No. 2311-CC00654 (the "State Action"). AZ is the only named Defendant.

2. In his Petition, Plaintiff asserts the following eight causes of action arising out AZ's April 2022 decision to terminate Plaintiff for his failure to comply with AZ's COVID-19 vaccine policy: (1) religious discrimination in violation of the Missouri Human Rights Act, Section 213.010 *et seq.*, Revised Statutes of Missouri Section 213.010, *et seq.* (the "MHRA"); (2) sex discrimination in violation of the MHRA; (3) age discrimination in violation of the MHRA; (4)

race and color discrimination in violation of the MHRA; (5) retaliation in violation of the MHRA; (6) negligent hiring, supervision, and retention under Missouri state law; (7) discrimination based on association in violation of the MHRA; and (8) negligent infliction of emotional distress under Missouri state law.

3.  On July 20, 2023, Defendant agreed to waive formal service of process of the Summons and Petition and accept service of the Summons and Petition in exchange for an agreement that Defendant's deadline to respond to the Petition would be September 18, 2023.[1] Defendant executed a Waiver and Acceptance of Service to that effect. A true and correct copy of all filings from the State Action, including the Waiver and Acceptance of Service are attached as Exhibit A.

4.  This action is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000. Removal under diversity jurisdiction therefore is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

## II.   PROCEDURAL REQUIREMENTS

5.  Defendant has thirty (30) days from the date of service or receipt of a copy of a pleading setting forth a removable claim to remove a case. 28 U.S.C. § 1446(b).

6.  On July 20, 2023, Defendant agreed to accept service of the Complaint, meaning that Defendant has until August 21, 2023 to remove the State Action.

---

[1] In removed actions such as this one, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Accordingly, Defendant intends to respond to the Petition on or before September 18, 2023 unless directed by this Court otherwise. *See Roberts v. Harley Davidson Fin. Servs., Inc.*, 611 F. Supp. 3d 761, 766 (W.D. Mo. 2020) ("'After removal, the federal court takes up the case where the State Court left it off.'" (quoting *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 (1974)); *F.D.I.C. v. Lathrop & Gage, L.C.*, No. 4:08CV2033 FRB, 2009 WL 3334888, at *2 (E.D. Mo. Oct. 14, 2009) ("In actions removed to federal court, all orders entered by the state court prior to removal remain in full force and effect until dissolved or modified by the district court.").

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Defendant's possession are filed herewith.

8. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the State Court promptly after filing of same in this Court.

9. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

10. No previous notice of removal has been filed or made with this Court for the relief sought herein.

11. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to conduct discovery, brief any disputed issues, and to present oral argument in favor of its position that this case is properly removable.

12. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or forum non conveniens, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III.   VENUE

13. Venue is proper in this judicial district because, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the Circuit Court for Saint Charles County, Missouri, is located within the Eastern Division of the United States District Court for the Eastern District of Missouri. *See* Local Rule 3-2.07(A)(1) ("The Eastern Division comprises the counties of . . . Saint Charles…"). Moreover, Plaintiff alleges that at all relevant events occurred in Saint Charles, Missouri. *See* Pet. at ¶ 6.

### IV.   DIVERSITY JURISDICTION AND AMOUNT IN CONTROVERSY

14. This case may be heard in federal district court because this Court has original diversity jurisdiction pursuant to 28 U.S.C. §§ 1441(b). Removal to this Court is thus proper because the action involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.[2] 28 U.S.C. § 1332.

### A.   Diversity of Citizenship Exists.

15. A federal court has diversity jurisdiction if all plaintiffs are diverse from all defendants, 28 U.S.C. § 1332(a), and no defendant is a citizen of the same state in which the action was brought. 28 U.S.C. § 1441(b)(2). Here, both requirements are met because Plaintiff is, upon information and belief, a citizen of Missouri, and AZ is a citizen of Delaware, Massachusetts, and Sweden.

### i.   *Plaintiff's Citizenship.*

16. According to the Petition, Plaintiff worked in Saint Charles County, Missouri at all times relevant to the Petition. *See* Pet. at ¶ 6. Plaintiff alleges he is currently a member of the Peine Ridge Reformed Baptist Church (the "Church"), Pet. at ¶ 4, which according to the letter from the Church's pastor, is located in Missouri, *see* Pet., Ex. 1. Additionally, the May 28, 2022 Charge Plaintiff filed with the Missouri Commission on Human Rights ("MCHR") and EEOC identifies Plaintiff's address in Missouri, *see* Pet. Ex. 3, and the March 27, 2023 right-to-sue letter from the MCHR to Plaintiff was mailed to an address in Missouri, *see* Pet. Ex. 4. Accordingly, upon information and believe, Plaintiff was and is domiciled in Missouri and, therefore, is a citizen

---

[2] This Notice of Removal addresses the alleged nature and amount of damages placed at issue by the Petition. Defendant's reference to a specific damages amount is solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that Plaintiff's claims are without merit and that Defendant is not liable to Plaintiff. Defendant specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Defendant. No statement or reference contained in this Notice of Removal constitutes an admission of liability or a suggestion that Plaintiff will or could recover any damages amounts based upon the allegations contained in the Petition or otherwise.

of Missouri for purposes of diversity jurisdiction. *See Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977) ("[F]or purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual.").

    ii. <u>AZ's Citizenship.</u>

17. The sole defendant in this matter, AZ, is a limited partnership organized under the laws of Delaware and with its principal place of business in Delaware. *See* Decl. of R. Kenny (attached hereto as Ex. B) at ¶¶ 3-4. Limited partnerships are citizens of each state in which its members are citizens. *Johnson v. Walmart Inc.*, No. 4:22-CV-00757-AGF, 2022 WL 2867074, at *1 (E.D. Mo. July 21, 2022). AZ's general partners are, and at the time of this filing were, AstraZeneca AB, a Swedish corporation with its principal place of business in Sweden, and Alexion Pharma LLC, a Delaware limited liability corporation with its principal place of business in Massachusetts. *See* Decl. of R. Kenny at ¶ 5.

18. Like limited partnerships, limited liability companies are also citizens of each state in which their members/owners are citizens. *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Alexion Pharma LLC is wholly owned by Alexion Delaware Holding LLC and Alexion Pharmaceuticals, Inc. *See* Decl. of R. Kenny at ¶ 6. Alexion Delaware Holding LLC is a wholly owned subsidiary of Alexion Pharmaceuticals, Inc. *Id.* Alexion Pharmaceuticals, Inc. is a Delaware corporation with its principal place of business in Massachusetts. *Id.*

19. AZ's sole limited partner is, and at the time of this filing was, Zeneca Inc., a Delaware Corporation with its principal place of business in Delaware. *See id.* at ¶ 7.

20. AZ is thus a citizen of Sweden, Massachusetts, and Delaware for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a) (stating that corporate citizenship is determined by the corporation's place of incorporation and principal place of business); *Carden v. Arkoma Assoc.*,

494 U.S. 185, 195 (U.S. 1990) (partnerships assume the citizenships of their general and limited partners).

21.  Thus, because Plaintiff is a citizen of Missouri and AZ is a citizen of Sweden, Massachusetts, and Delaware, complete diversity of citizenship exists between the parties.

**B.  The Amount in Controversy Requirement is Satisfied.**

22.  "As the party invoking jurisdiction, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Walker v. Fed. Express*, No. 4:19-CV-00068-AGF, 2019 WL 2603544, at *2 (E.D. Mo. June 25, 2019). "Under this standard, the jurisdictional fact is not whether the damages are greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Id.* (emphasis in original).

23.  In the Petition, Plaintiff seeks "damages …. including but not limited to back pay, front pay, lost benefits, … compensation for emotional distress, punitive damages, [and] attorney's fees, … all as determined at trial," Pet., 14, all of which is includable in calculating the amount in controversy for diversity jurisdiction purposes, *see Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017); *Feller v. Hartford Life & Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1101 (S.D. Iowa 2010) ("Items that may be included in the calculation of the amount in controversy include punitive damages, the value of injunctive relief, and attorney's fees.").

24.  At the time of his April 29, 2022 termination, Plaintiff was earning $193,301.32 in annual base pay. *See* Decl. of A. Nobles (attached hereto as Ex. C), at ¶ 4. Accordingly, his backpay from August 21, 2023 to his termination would be approximately $253,675, and would continue to grow through any judgment.[3] Thus, based solely on his claim for back pay, the amount-

---

[3] According to the most recently published judicial district average statistics, during the 12 months preceding March 31, 2023, the median time from filing to trial for civil cases in the United States District

6

in-controversy requirement is met here.

25. Additionally, in calculating the amount-in-controversy for diversity jurisdiction in another case in which the plaintiff alleged unspecified damages for front pay, a court in this District recently found that it reasonable to assume a plaintiff could recover an award of two years of salary for front pay, and that such an amount was includable in the amount-in-controversy calculation. *See Walker*, 2019 WL 2603544, at *2. A similar finding here would put an additional $386,602.64 in controversy.

26. That same court recognized that courts within in the Eighth Circuit "have awarded five- and six-figure awards for attorney fees in MHRA cases." *Walker*, 2019 WL 2603544, at *3. Because six of the eight claims in the Petition are brought under the MHRA, it is reasonable to assume that, if litigated to a verdict, such an amount for attorney fees could be awarded.

27. Thus, based on Plaintiff's allegations in the Petition, Plaintiff has placed more than $75,000 in controversy, and the amount in controversy requirement for purposes of removal has been satisfied.

## V.   CONCLUSION

Consequently, the State Action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of Missouri, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

---

Court for the Eastern District of Missouri was 39.3 months. *See* U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics (March 31, 2023) pg. 59 (available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2023.pdf and also attached hereto as Ex. D). If this matter took 39.3 months to get to trial, Plaintiff's backpay would then be approximately $633,061.

Dated: August 18, 2023

Respectfully submitted,

*/s/ Elizabeth Herrington*
Elizabeth Herrington
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 324-1000
beth.herrington@morganlewis.com

Jocelyn R. Cuttino
(*Pro Hac Vice Forthcoming*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
(202) 739-3000
jocelyn.cuttino@morganlewis.com

Thomas H. Severson
(*Pro Hac Vice Forthcoming*)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606
(312) 324-1000
tom.severson@morganlewis.com

*Attorneys for Defendant AstraZeneca Pharmaceuticals, LP*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2023, the foregoing Notice of Removal, including the attached exhibits, was filed via the ECF filing system and served by email and U.S. mail on the following:

John C. Burns
BURNS LAW FIRM
P.O. Box 191250
St. Louis, Missouri 63119
(314) 329-5040
john@burns-law-firm.com

Jenny L. Foley, Ph.D.
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Ste. 100
Las Vegas, NV 89118
(702) 420-2001
ecf@randazza.com

*Attorneys for Plaintiff*

*/s/ Elizabeth Herrington*
Elizabeth Herrington