# Exhibit A

**Sort Date Entries:** Descending Ascending

**Display Options:** All Entries ⌄

**07/21/2023**

**Waiver of Service**

Waiver and Acceptance of Service; Electronic Filing Certificate of Service.
    **Filed By:** ELIZABETH BROOKE HERRINGTON
    **On Behalf Of:** ASTRAZENECA PHARMACEUTICALS, LP

**Entry of Appearance Filed**

Entry of Appearance by Elizabeth Herrington; Electronic Filing Certificate of Service.
    **Filed By:** ELIZABETH BROOKE HERRINGTON
    **On Behalf Of:** ASTRAZENECA PHARMACEUTICALS, LP

**06/28/2023**

**Summons Issued-Circuit**
Document ID: 23-SMCC-1351, for ASTRAZENECA PHARMACEUTICALS, LP SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. MLM

**06/24/2023**

**Filing Info Sheet eFiling**
    **Filed By:** JONATHON CHRISTIAN BURNS
**Note to Clerk eFiling**
    **Filed By:** JONATHON CHRISTIAN BURNS
**Pet Filed in Circuit Ct**
Petition; Exhibit 1; Exhibit 2; Exhibit 3; Exhibit 4.
    **Filed By:** JONATHON CHRISTIAN BURNS
    **On Behalf Of:** THOMAS WHITEHILL

**2311-CC00654**

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

**IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| THOMAS WHITEHILL, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ASTRAZENECA | ) | |
| PHARMACEUTICALS, LP | ) | |
| | ) | Div. |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Serve**: | ) | |
| CT Corporation System | ) | **JURY TRIAL REQUESTED** |
| 120 South Central Avenue | ) | |
| Clayton, Missouri 63105 | ) | |

## PETITION

Plaintiff Thomas Whitehill ("Plaintiff" or "Mr. Whitehill"), in order to redress the injuries Defendant caused after terminating him because of his age, race, color, sex, religious beliefs, association with individuals belonging to protected classes, and in retaliation for opposing Defendant's illegal discriminatory acts, brings this claim pursuant to Missouri Human Rights Act, Section 213.010 et seq., RSMo 1986 ("MHRA").  In support thereof, Plaintiff states as follows:

### PARTIES, VENUE, and JURISDICTION

1.      Plaintiff Whitehill's date of birth is February 15, 1966.

2.      On April 29, 2022, Mr. Whitehill was 56 years old.

3.      He is a white, Caucasian, adult male and is and was at all relevant times a believer in Jesus Christ.

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

4.      Mr. Whitehill is a member of Peine Ridge Reformed Baptist Church.

5.      Defendant Astrazeneca Pharmaceuticals, LP ("Defendant" or "AZ") is a limited partnership organized under the laws of the State of Delaware.

6.      This claim arose in Saint Charles County, State of Missouri where Plaintiff worked for Defendant at all relevant times, and where Plaintiff was discriminated against, retaliated against, and terminated by Defendant.

7.      Venue is proper in this Court pursuant to Mo. Rev. Stat. § 508.010.4 in that Plaintiff's claim arose in Saint Charles County, Missouri.

**FACTS**

8.      Mr. Whitehill worked for Defendant AZ for nearly 25 years until his wrongful termination on April 29, 2022.

9.      At the time of his termination, AZ employed Mr. Whitehill as the manager of its Renal Metabolic Specialty Sales Team.

10.     In August of 2021, AZ began requiring its employees to submit to testing for COVID-19 infection on a weekly basis.

11.     Mr. Whitehill was tested weekly for the virus and submitted his test results to AZ from August 27, 2021 until his unlawful termination on April 29, 2022.

12.     In January of 2022, AZ announced what it described as a "100% COVID vaccination policy" for its United States division and that all employees would need to receive a COVID-19 mRNA vaccination for continued employment.

13.     Employees that could not show proof of vaccination by March 31, 2022 would have their employment terminated with no severance pay.

14.     However, this new policy had exceptions.

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

15.    On February 10, 2022, AZ informed employees that they could apply for medical or religious exceptions to the vaccination policy.

16.    If AZ approved the exemption request, the exempted employee could be tested for COVID-19 weekly in lieu of receiving the mRNA vaccination.

17.    On February 15, AZ sent its employees an email with instructions on how to complete a "Religious Accommodation Request Form."

18.    AZ set a deadline of February 28, 2022 to apply for the exemption.

19.    Mr. Whitehill submitted his application in a timely manner.

20.    The application included a letter from the pastor of Peine Ridge Reformed Baptist Church, explaining that Mr. Whitehill believes that "he must submit every area of his life to the teaching of the Christian scriptures" and that he strives to do so "in a manner that is consistent with the doctrines of our church and the dictates of his conscience." (*See* Religious Reasonable Accommodation Request Form, attached hereto as **Exhibit 1** and incorporated as though fully restated and set forth herein.)

21.    In his application for exemption, Mr. Whitehill described how his religious beliefs required accommodation, going so far as to provide citations to specific quotations from Scripture supporting his beliefs. (*See* **Exhibit 1**.)

22.    In his application, Mr. Whitehill further explained that he does not take any vaccines or any type of medication because God created his immune system and he objects to "the intrusion of any medical intervention designed to modify God's design of his immune system."

23.    He also expressed objection to weekly PCR COVID testing because of fears that the substances contained in the test could injure his body. (*See* **Exhibit 1**.) However, while he

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

objected to the PCR COVID testing requirement, Mr. Whitehill expressed his willingness to do weekly testing in lieu of vaccination.

24.     On March 31, 2022, AZ rejected his accommodation request, stating that he was "not qualified for a reasonable accommodation."

25.     AZ also stated that it was rejecting his request because it would cause AZ "undue hardship" in that it could lead to "business disruption/increased costs resulting from illness-related absences."

26.     AZ's rejection additionally stated that the decision was "final and not subject to appeal" and that Mr. Whitehill's employment would be "terminated without severance" on April 29, 2022 if he chose not to get vaccinated. (*See* March 31, 2022 Email from AZ to Plaintiff, attached as **Exhibit 2** and incorporated as though fully restated and set forth herein**.**)

27.     AZ improperly and incorrectly concluded that Mr. Whitehill's accommodation request was based on personal, and not religious, beliefs.

28.     Despite AZ's conclusion that granting Mr. Whitehill's accommodation request would cause it undue hardship, it approved a substantially similar accommodation request from a 33-year-old employee who was twenty-three years younger than Mr. Whitehill. The younger employee was permitted to be tested for COVID-19 every week rather than get vaccinated for it.

29.     Upon information and belief, the other employee did not belong to the same church as Mr. Whitehill.

30.     As represented in AZ's correspondence rejecting Mr. Whitehill's accommodation request, he was terminated from his employment with no severance on April 29, 2022.

31.     On or about May 28, 2022, Mr. Whitehill filed a charge of discrimination against Defendant with the Missouri Commission on Human Rights ("MCHR"). (*See* Charge of

Discrimination, attached hereto as **Exhibit 3** and incorporated as though fully restated and set forth herein.)

32.     Upon information and belief, on June 1, 2022, MCHR notified Defendant that Plaintiff had filed his charge of discrimination.

33.     As noted, Plaintiff Whitehill was 56 years old at the time of his termination.

34.     At all points during his employment, Plaintiff was a highly qualified, high-performing employee and highly competent in executing his required duties.

35.     Upon information and belief, Defendant replaced Plaintiff with a younger, less qualified employee.

36.     On March 27, 2023, MCHR issued Plaintiff Whitehill a Right to Sue. (*See* Right to Sue, attached hereto as **Exhibit 4** and incorporated as though fully restated and set forth herein.)

37.     Plaintiff has filed this lawsuit within two years of his termination and within ninety days of receiving a right to sue letter from the Missouri Commission on Human Rights.

38.     Plaintiff has incurred substantial economic and non-economic harm and seeks damages in excess of $25,000, to be determined at trial.

## FIRST CLAIM FOR RELIEF

**Discrimination – Religion – Violation of Missouri Human Rights Act, Section 213.010 et seq., RSMo 1986**

39.     Plaintiff reasserts the prior allegations of this Complaint as though set forth fully herein.

40.     Defendant, by its actions and failures to act, including but not limited to those described above, discriminated against Plaintiff because of his religion in violation of the Missouri Human Rights Act.

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

41.     Plaintiff was treated less favorably than other similarly situated employees who did not share his faith.

42.     Plaintiff's religious beliefs were a motivating factor in Defendant's decision to take all adverse actions against Plaintiff, including terminating Plaintiffs' employment.

43.     As a result of Defendant's discriminatory actions and failures to act as described herein, Plaintiff has suffered non-diagnosed emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

44.     In addition, Plaintiff has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs, and expenses of suit.

45.     Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and, as such, warrants an award of punitive damages in such sum as will serve to punish Defendant and to deter it and others from like conduct.

## SECOND CLAIM FOR RELIEF

### Discrimination – Sex – Violation of Missouri Human Rights Act, Section 213.010 et seq., RSMo 1986

46.     Plaintiff reasserts the prior allegations of this Complaint as though set forth fully herein.

47.     Defendant, by its actions and failures to act, including but not limited to those described above, discriminated against Plaintiff because of his sex in violation of the Missouri Human Rights Act.

48.     Upon information and belief, Plaintiff was treated less favorably than other similarly situated female employees, who were not terminated.

49.     Plaintiff's sex was a motivating factor in Defendant's decision to take all adverse

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

actions against Plaintiff, including terminating Plaintiffs' employment.

50.     As a result of Defendant's discriminatory actions and failures to act as described herein, Plaintiff has suffered non-diagnosed emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

51.     In addition, Plaintiff has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs, and expenses of suit.

52.     Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and, as such, warrants an award of punitive damages in such sum as will serve to punish Defendant and to deter it and others from like conduct.

### THIRD CLAIM FOR RELIEF

### Discrimination – Age – Violation of Missouri Human Rights Act, Section 213.010 et seq., RSMo 1986

53.     Plaintiff reasserts the prior allegations of this Complaint as though set forth fully herein.

54.     Defendant, by its actions and failures to act, including but not limited to those described above, discriminated against Plaintiff because of his age in violation of the Missouri Human Rights Act.

55.     Plaintiff was treated less favorably than other similarly situated younger employees, who were not terminated.

56.     Plaintiff's age was a motivating factor in Defendant's decision to take all adverse actions against Plaintiff, including terminating Plaintiffs' employment.

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

57.     As a result of Defendant's discriminatory actions and failures to act as described herein, Plaintiff has suffered non-diagnosed emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

58.     In addition, Plaintiff has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs, and expenses of suit.

59.     Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and, as such, warrants an award of punitive damages in such sum as will serve to punish Defendant and to deter it and others from like conduct.

## FOURTH CLAIM FOR RELIEF

### Discrimination – Race and Color – Violation of Missouri Human Rights Act, Section 213.010 et seq., RSMo 1986

60.     Plaintiff reasserts the prior allegations of this Complaint as though set forth fully herein.

61.     Defendant, by its actions and failures to act, including but not limited to those described above, discriminated against Plaintiff because of his race and color in violation of the Missouri Human Rights Act.

62.     Plaintiff was treated less favorably than other similarly situated non-white/ Caucasian employees.

63.     Plaintiff's race and color were a motivating factor in Defendant's decision to take all adverse actions against Plaintiff, including terminating Plaintiffs' employment.

64.     As a result of Defendant's discriminatory actions and failures to act as described herein, Plaintiff has suffered non-diagnosed emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

65.     In addition, Plaintiff has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs, and expenses of suit.

66.     Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and, as such, warrants an award of punitive damages in such sum as will serve to punish Defendant and to deter it and others from like conduct.

## FIFTH CLAIM FOR RELIEF

**Retaliation - Violation of Missouri Human Rights Act, Section 213.010 et seq., and Section 213.070.1(2), RSMo 1986**

67.     Plaintiff reasserts the prior allegations of the Complaint as though set forth fully herein.

68.     Defendant, by its actions and failures to act, including but not limited to those described above, retaliated against Plaintiff for opposing Defendant's illegal discriminatory practices as more fully described above, all in violation of the Missouri Human Rights Act.

69.      Plaintiff's opposition to AZ's illegal discrimination, was a motivating factor in Defendant's decision to retaliate and take all adverse actions against Plaintiff complained of herein, including terminating Plaintiffs' employment.

70.     As a result of Defendant's retaliation, Plaintiff has suffered non-diagnosed emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

71.     In addition, Plaintiff has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs, and expenses of suit.

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

72.     Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and, as such, warrants an award of punitive damages in such sum as will serve to punish Defendant and to deter it and others from like conduct.

### SIXTH CAUSE OF ACTION

### Negligent Hiring, Supervision, and Retention

73.     Plaintiff reasserts the prior allegations of the Complaint as though set forth fully herein.

74.     Plaintiff Whitehill was entitled to a lawful and productive work environment. He was additionally entitled to have his accommodation request considered by persons who would not discriminate or retaliate against him for making it.

75.     When AZ employees, officers, and/or agents reviewed Plaintiff Whitehill's accommodation request, they discriminated against him on the basis of his age, sex, and religion and rejected his accommodation request.

76.     At the same time, AZ approved the substantively similar accommodation request from another employee that was twenty-three years younger.

77.     Defendant AZ encouraged this behavior and the violations of public policy and the law by allowing the persons who reviewed his accommodation request to remain employees of AZ.

78.     Defendant AZ failed to properly supervise and improperly retained these individuals who reviewed Plaintiff's accommodation request after learning of their illegal, improper, and immoral behavior.

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

79.     Under the doctrine of *respondeat superior*, Defendant AZ, as the employer of the persons who reviewed Plaintiff's accommodation request, is vicariously liable for the wrongful conduct of its employees, officers, agents, and managers.

80.     As his employer, Defendant AZ has a duty to hire, employ, supervise, manage, and retain employees who are fit for those positions. AZ has a duty to see that managerial and supervisory employees properly exercise the authority and power entrusted to them in the workplace.

81.     AZ breached these duties by failing to properly screen, train, and control their employees, officers, and/or agents. Those breaches include, but are not necessarily limited to, failing to develop, implement, and evaluate the effectiveness of proper policies and procedures to keep employees, officers, and/or agents from discriminating against Plaintiff and others on the basis of sex, religion, and/or age and to ensure that managers and supervisors understand and comply with applicable laws, including those against retaliating against an employee for engaging in protected conduct.

82.     By hiring and retaining the persons who reviewed Plaintiff's accommodation request after learning of their immoral, improper, and illegal behavior, AZ acted recklessly by exposing Whitehill to them.

83.     AZ's breach and negligence caused harm, severe physical injury, pain, suffering, and emotional distress to Plaintiff, and he is entitled to be compensated in an amount to be determined at trial.

84.     AZ's breach of its supervisory duty was a direct and proximate cause of the injuries and loss suffered by Plaintiff Whitehill, who is entitled to an award of punitive damages in an amount sufficient to punish and deter AZ and all others from engaging in this conduct.

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

85.     As a direct and proximate result of AZ's negligent hiring, supervision, and retention, Whitehill had to secure the services of attorneys to pursue this action, and he is entitled to recover his reasonable attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

**Discrimination Based on Association - Violation of Missouri Human Rights Act, Section 213.070.1(4), RSMo 1986**

86.     Plaintiff reasserts the prior allegations of the Complaint as though set forth fully herein.

87.     Defendant AZ intentionally discriminated against Plaintiff Whitehill for associating with other persons who are members of a class protected by the Missouri Human Rights Act.  To wit: Plaintiff associated with Christians, both within and outside of AZ, who opposed COVID-19 vaccination as a matter of their religious faith.

88.     Defendant's intentional discriminatory conduct resulted in Plaintiff Whitehill's wrongful termination.

89.     Plaintiff's association with Christians within and without AZ who oppose COVID-19 vaccination as a matter of their religious faith, was a motivating factor in Defendant's decision to take all adverse actions against Plaintiff complained of herein, including terminating Plaintiffs' employment.

90.     As a result of Defendant's discrimination, Plaintiff has suffered non-diagnosed emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

91.     In addition, Plaintiff has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs, and expenses of suit.

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

92.     Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and, as such, warrants an award of punitive damages in such sum as will serve to punish Defendant and to deter it and others from like conduct.

### EIGHTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

93.     Plaintiff reasserts the prior allegations of the Complaint as though set forth fully herein.

94.     Defendant AZ owed Plaintiff Whitehill a duty of care not to subject him or allow him to be subjected to unlawful discrimination and retaliation in the performance of his employment responsibilities or in the reasonable requests that he made to his supervisors at AZ.

95.     Defendant AZ knew or should have known that its employees, officers, and/or agents denying his reasonable accommodation request and threatening with termination if he did not receive the COVID-19 vaccination were breaches of that duty to Whitehill and were likely to result in mental, physical, and/or emotional injury to Whitehill.

96.     AZ permitting its employees, officers, and/or agents to deny Plaintiff's reasonable accommodation request and terminating his employment were breaches of the duty owed to Whitehill and were likely to – and did – result in mental, physical, and/or emotional injury to Plaintiff Whitehill.

97.     As a direct and proximate result of Defendant AZ's negligent infliction of emotional distress, Whitehill has suffered damages and is entitled to recover compensatory and other damages related thereto.

98.     Under the doctrine of *respondeat superior*, AZ is liable for the discriminatory and retaliatory actions of its employees, officers, and/or agents.

99.     As a result of this conduct, Mr. Whitehill has suffered damges in an amount to be proven at trial.

100.     As a direct and proximate result of Defendant's negligent infliction of emotional distress, Whitehill had to secure the services of an attorney to pursue this action and is entitled to recover his reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF – Applicable to All Counts

WHEREFORE, Plaintiff prays as follows:

A.     For a trial by jury on all issues;

B.     For damages allowable under statutes prohibiting discrimination and retaliation, including but not limited to back pay, front pay, lost benefits, interest on back pay, compensation for emotional distress, punitive damages, attorney's fees, and costs of suit, all as determined at trial;

C.     For all damages allowed or recoverable under Missouri law for the intentional torts, including compensatory, special, general, and consequential damages;

D.     For punitive damages in an amount sufficient to deter Defendant from engaging in such conduct in the future and as an example to other employers and elected officials not to engage in such conduct;

E.     For costs of this action, including reasonable attorneys' fees and costs;

F.     For a finding that Defendant AZ violated the MHRA and that such violation was willful;

G.     For prejudgment and post-judgment interest as allowable by law; and

H.     For such other and further relief as the Court shall deem just and proper.

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

Dated: June 24, 2023.                    Respectfully Submitted,


/s/ *John C. Burns*
John C. Burns, #66462 (MO)
Attorney for Plaintiff Thomas Whitehill
BURNS LAW FIRM
P.O. Box 191250
St. Louis, Missouri 63119
(314) 329-5040
john@burns-law-firm.com

Jenny L. Foley, Ph.D. (*pro hac vice
forthcoming*)
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Ste. 100
Las Vegas, NV 89118
(702) 420-2001
ecf@randazza.com

RANDAZZA | LEGAL GROUP

2311-CC00654

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

# EXHIBIT 1

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM



**Religious Reasonable Accommodation Request Form**

Please return your completed form to USVaccineExemptions@astrazeneca.com.

Date: 2-27-2022

Employee's Name: Thomas Whitehill

Phone: 636-751-5285

Email: thomas.whitehill@astrazeneca.co

Location (state): MO

Job title: Executive DSM RMST

PRID: krvc181

> *AstraZeneca (the "Company") takes seriously its obligations to provide appropriate reasonable accommodation to qualified persons whose sincerely held religious beliefs prohibit them from getting a COVID-19 vaccine. Completion of this form is the first step in an interactive process between you and AstraZeneca to determine whether you are qualified for a reasonable accommodation and further whether there are any available accommodations that would enable you to perform your job (or enjoy equal access to benefits and privileges of employment) and meet our operational and safety needs. Please answer all questions to the best of your ability. Failure to answer each question may impact AstraZeneca's ability to conduct the review necessary to approve your request. After you submit this form, a representative from Human Resources will reach out to you. As part of the interactive process, you may be required to provide additional information regarding your request. Further, any misinformation or knowingly false information provided as part of your request may lead to you being subject to disciplinary action up to and including separation of employment.*

Please describe the nature of your objection(s) to the Company's COVID-19 vaccination requirement.

On January 31st, I and other employees of Astrazeneca were notified by the North American Governance Committee  that all employees must be fully vaccinated against COVID-19 and provide proof of vaccination by March 31st, 2022, or face termination of employment.   On

Describe the basis of the sincerely held religious belief that requires accommodation.

As a dedicated, loyal, 25 year-long team-member of AstraZeneca, I am thankful to be a part of an organization that values it's employees, and seeks to make AZ a great place to work.  In my role as an Executive District Sales Manager I find great value in my work, and I enjoy working

How long have you held the religious belief underlying your objection?  What is the name of your religion and are you a member of a place of worship (church, synagogue, mosque, etc.)?

Your request regarding the name of my religion, my place of worship, and how long I have had these beliefs should have no bearing on my request for accommodation, and for you to do so seems a bit intrusive, and concerning.  However, I will make it known that I am a Christian, and I

Please explain how the religious belief that prevents you from receiving the COVID-19 vaccine affects other areas of your life.  For example, have you received other vaccines in the past?  If so, please explain how your religious belief prevents you from getting the COVID-19 vaccine but not other vaccines.

I have worked for Astrazeneca/BMS for over 25 years, and I have never chosen to be vaccinated during my time at Astrazeneca, or at BMS.  I have never received the flu vaccine, and I do not take any other vaccines.  I do not take any medications, and as stated I believe that God has created me with an immune system and I object to the intrusion of any medical intervention

1

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM



Have you ever requested a religious accommodation previously, either on your own behalf or on behalf of a family member, such as a child who was subject to a school's vaccination requirements?  If yes, please describe.

I want to first comment that my family members are not employees of Astrazeneca, and they should have no bearing on my request for a Religious accommodation, as it should only be my deeply held

Please attach any supporting documentation that may be helpful in evaluating this request for accommodation, this may include a website with information on your religious beliefs or practices, or a letter from a religious leader describing your specific religious beliefs and/or the tenets of the religion that limits or restricts you from being vaccinated.  If submitting a letter from a pastor, please also describe how long you have known this individual.

<strong>Verification</strong>

I understand that the Company requires a COVID-19 vaccination as a term and condition of employment. I hereby certify that I believe that I have a sincerely held religious belief that necessitates a reasonable accommodation from this requirement.

I verify that the information I am submitting in support of my request for a reasonable accommodation is complete and accurate to the best of my knowledge, and I understand that any misrepresentation contained in this request may result in disciplinary action, up to and including dismissal.  I further understand that the Company may require me to provide additional information in response to the information I provide.

I also understand that my request for an accommodation based on a religious belief may not be granted if I fail to provide complete responses to the questions the Company provided in a reasonable time frame, if the request is not reasonable, if it poses a direct threat to the health and/or safety of others and/or to me, or if it creates an undue hardship on the Company.

Please return your completed form to USVaccineExemptions@astrazeneca.com.

Signature: Thomas G Whitehill

Date: 2-27-22

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

#1.  Please describe the nature of your objection(s) to the Company's COVID-19 vaccination requirement.

On January 31st, I and other employees of Astrazeneca were notified by the North American Governance Committee that all employees must be fully vaccinated against COVID-19 and provide proof of vaccination by March 31st, 2022, or face termination of employment.   On Tuesday, February 15th I received a company e-mail with instructions on how to fill out a "Religious Accommodation Request Form".  In that same e-mail I was notified that Astrazeneca, has made it a "Policy" that all US Employees provide proof of vaccination, and the primary accommodation will remain weekly COVID – 19 PCR testing for employees who are not vaccinated and who are granted an exemption to the vaccine requirement for qualifying reasons: medical, religious or applicable state law. This is required for those entering any AstraZeneca US site or operating in any field-based role.

Today I am hereby invoking my religious right to exemption from taking the vaccine, and to the weekly asymptomatic Covid tests that are intrusive and unnecessary as per my deeply held religious beliefs.  I believe that God has created me with an immune system, and I object to the intrusion of any medical intervention designed to modify God's design of my immune system. Regular Covid testing could damage the body, and the substances in the test may possibly be harmful.  Further, it is my deeply held religious belief that I am called to protect the body and not participate in an unnecessary medical intervention, and in doing this I am honoring the Lord, as I am called to do.  *"Do you not know that your bodies are temples of the Holy Spirit, who is in you, whom you have received from God?" (1Cor 6:19)*

As I have studied the law under Title VII of the Federal Civil Right Act, an employer cannot discriminate against my sincerely held religious convictions.  It is my belief that in asking me to take a Covid vaccine and submit to discriminatory weekly asymptomatic Covid testing are infringement on my religious beliefs.  I am requesting to continue to work without a Covid vaccine, and without weekly asymptomatic PCR testing just as I have been doing in my employment at AstraZeneca / BMS for over 25 years.

In summary, taking the COVID vaccination, and weekly asymptomatic PCR testing would violate my sincerely held religious beliefs, and I am Invoking my right to accommodation from taking the vaccine and weekly asymptomatic PCR testing.  Because of my faith, and my deeply held Christian beliefs, for me to receive the COVID Vaccines and be subject to weekly asymptomatic PCR testing would cause me to violate these beliefs, and therefore would be in direct contrast with my deeply held Christian faith.

#2.  Describe the basis of the sincerely held religious belief that requires accommodation.

As a dedicated, loyal, 25 year-long team-member of Astrazeneca, I am thankful to be a part of an organization that values its employees and seeks to make AZ a great place to work.  In my role as an Executive District Sales Manager, I find great value in my work, and I enjoy working with the excellent sales organization that I am proud to be a part of for so many years.  I believe

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

in the products we promote, and I have seen firsthand how they bring tremendous value to patients and the providers that I have had the pleasure to engage with for so many years.

Receiving the COVID-19 vaccination would violate my sincerely held religious beliefs, practices, and observances. The following is a description of my religious beliefs that prevent me from receiving the COVID-19 vaccination:

I am a practicing Christian, and I adhere to a Christian world view.  Denominationally, I am a Reformed, evangelical Baptist and an active covenant member of Peine Ridge Church in Wentzville, MO (see attached letter from my pastor).  In keeping with my local covenanted church body, my committed Christian faith binds me to the authority and sufficiency of Scripture (2 Tim 3:16) —that is a carefully studied biblical position (2 Tim 2:15) is to be upheld, articulated, engaged, and applied to all areas and spheres of life (social issues, ethics, etc.).
 In thoughtfully considering the Covid vaccine, I have a strong, sincere spiritual belief that, for me personally, receiving the Covid vaccine would violate my specific Christian worldview.
My official church doctrinal position teaches that receiving or declining the Covid vaccine is a matter of conscience for each individual covenant church member (a Christian liberty, wisdom issue, or a type of qualified 'autonomy of the believer').  Each covenant member, then, is to exercise their Christian liberty in freedom (Gal 5:13), to be convinced in their own mind (Rom 14:5) thru the study of Scripture, along with wise counsel so as not to violate their conscience.  We are not to judge each other's decision (Col 2:16) in this area of Christian liberty, but instead, ensure we each one, commit to our personal decision that is informed by the Word of God (Col 3:16), wise counsel, saturated prayer, and yields a "pure heart," "good conscience," and "sincere faith" (1 Tim 1:5).  For us, our body is not our own, but the Lord's, who redeemed it, made it His temple, and with it we must serve and glorify Him (1 Cor 6:19-20).
I have multiple hesitations, and clear concerns that being vaccinated, and submitting to ongoing weekly asymptomatic PCR testing would be a violation of my deeply help religious beliefs.  Romans 14:23 directly applies to me here: "But he who doubts is condemned if he eats, because his eating is not from faith; and whatever is not from faith is sin."

Because receiving the COVID-19 vaccination and submitting to ongoing weekly PCR testing would violate my sincerely held religious beliefs, I hereby request an accommodation of those beliefs with respect to the recently-imposed vaccination requirement.  Under Title VII of the federal civil rights laws, an employer may not discharge or otherwise discriminate against an individual because of the individual's religion. 42 U.S.C. § 2000e-2(a)(1). As the U.S. Supreme Court has held, this law requires an employer to seek to accommodate an employee whenever there is a conflict between a requirement of the employment and the employee's religious beliefs, practices or observances. *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63 (1977).  An accommodation that fully eliminates the conflict with my religious beliefs must be provided unless all accommodations would impose an undue hardship. To the extent the law of the State of MO imposes a similar duty to accommodate the religious beliefs, practices or observances of employees, I hereby invoke any and all rights under state law as well.

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

#3.  How long have you held the religious belief underlying your objection? What is the name of your religion and are you a member of a place of worship (church, synagogue, mosque, etc.)?

Your request regarding the name of my religion, my place of worship, and how long I have had these beliefs should have no bearing on my request for accommodation, and for you to do so seems a bit intrusive and concerning.  However, I will make it known that I am a Christian, and I have been one for most of my adult life.  My views are deeply rooted in the Bible, and it drives my behavior to the best of my ability.  I am a member of Peine Ridge Church in Wentzville MO, and we have been so since 2010, (Please see attached letter from my Pastor).

#4.  Please explain how the religious belief that prevents you from receiving the COVID-19 vaccine affects other areas of your life. For example, have you received other vaccines in the past? If so, please explain how your religious belief prevents you from getting the COVID-19 vaccine but not other vaccines.

I have worked for Astrazeneca/BMS for over 25 years, and I have never chosen to be vaccinated during my time at Astrazeneca, or at BMS.  I have never received the flu vaccine, and I do not take any other vaccines.  I do not take any medications, and as stated I believe that God has created me with an immune system, and I object to the intrusion of any medical intervention designed to modify God's design of my immune system.  Regular Covid testing could damage the body, and the substances in the test may possibly be harmful.  Further, it is my deeply held religious belief that I am called to protect the body and not participate in an unnecessary medical intervention, and in doing this I am honoring the Lord, as I am called to do.
*"Do you not know that your bodies are temples of the Holy Spirit, who is in you, whom you have received from God?" (1Cor 6:19)*
 I am a former health care provider, and I understand the importance of good health and preventative measure to reduce health risk.  As stated earlier, there are several areas regarding the use of the COVID Vaccines that would cause me to violate my deeply held religious beliefs if I were to take the vaccine and submit to weekly asymptomatic PCR testing (please see question #2 response).

#5 Have you ever requested a religious accommodation previously, either on your own behalf or on behalf of a family member, such as a child who was subject to a school's vaccination requirements? If yes, please describe.

I want to first comment that my family members are not employees of Astrazeneca, and they should have no bearing on my request for a religious accommodation, as it should only be my deeply held religious beliefs that are in question.  That being said, I have never requested a religious accommodation until now, as I have not been in a situation, or asked by an employer to do an action that would cause me to violate my deeply held religious beliefs.

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM



## Peine Ridge Church

(636) 344-0479  nathans@peineridgechurch.org  2501 West Meyer Rd Wentville, MO 63385

February 24, 2022

To Whom It May Concern,

I hereby testify that Thomas Whitehill is currently a member in good standing of Peine Ridge Church. He has been such since 2010.

It has been my observation that Tom sincerely believes that he must submit every area of his life to the teaching of the Christian scriptures, and that he consistently strives to do so in a manner that is consistent with the doctrines of our church and the dictates of his conscience.

Sincerely,

Pastor Nathan Smith

2311-CC00654

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

# EXHIBIT 2

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

Thank you for submitting your request for an accommodation related to AstraZeneca's mandatory vaccination mandate.  As you are aware, the Company has made the decision to require vaccination of all workers in order to protect our workforce, our communities, and the patients we serve.  We take the safety of our workforce, patients, and customers very seriously.  In addition, the Company has communicated on multiple occasions that in-person collaboration in the workplace is at the core of who we are, what we do, and how we do it.

The Company takes pride in its reasonable accommodation review process, established in compliance with Title VII of the Civil Rights Act of 1964 and state and local law equivalents.

You applied for an accommodation from the COVID-19 vaccination requirement.  AstraZeneca has carefully considered your request on an individualized basis and taking into account applicable federal, state, and local law, including all information you shared as part of the interactive process.  Based on a review of that information, we are unable to approve your accommodation request, because, among other reasons, you are not qualified for a reasonable accommodation.  Additionally, the Company is entitled to deny requests for reasonable accommodation where the request poses undue hardship.  Undue hardship can include, but is not limited to, business disruption/increased costs resulting from illness-related absences.  As such, we are unable to approve your request and expect that you will come into compliance with our mandate. This decision is final and not subject to appeal.

Next Steps:

1. In order to continue your employment at AstraZeneca you must become fully vaccinated against COVID-19.  You must receive at least your first vaccination dose of a two dose series or a single dose vaccination and upload documentation in Workday by April 22, 2022.  Fully vaccinated means you have completed the primary series of vaccination (booster shots are recommended, but not required).  Employees that choose to get vaccinated using a two-dose series need to upload documentation confirming receipt of the second vaccine dose within 45 days of their first dose.

2. If you choose not to get vaccinated, you may remain an active employee with AstraZeneca until April 29, 2022, at which point your employment will be terminated without severance.  During this period, you shall remain an at-will employee.  AstraZeneca reserves the right to separate your employment, including if you are disruptive, fail to maintain adequate productivity levels, or fail to comply with any AstraZeneca policy or standard. Here is a checklist of things you may need to review as part of the exit process.

Your manager will be informed of the outcome of your accommodation request under separate cover, but will not be provided any of the underlying details around your request.  If you have any questions, please contact the My HR Advisory Team at 800.587.9036, Monday through Friday from 9 a.m. to 5 p.m. ET or MyHR.NorthAmerica@AstraZeneca.com.

Sincerely,

US HR

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

2311-CC00654

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

# EXHIBIT 3

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM



**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
**COMMISSION ON HUMAN RIGHTS**
## CHARGE OF DISCRIMINATION

| Enter Charge Number |
| --- |
| ☐ FEPA |
| ☐ EEOC |

*This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.*

### Missouri Commission on Human Rights and EEOC

| Name (Indicate Mr., Ms., or Mrs.) THOMAS WHITEHILL | Date of Birth 02/15/1966 | Home Telephone No. (Include Area Code) 636-751-5285 |
| --- | --- | --- |
| Street Address 90 SUNFISH DRIVE | City, State and Zip Code DEFIANCE, MO 63341 | County ST. CHARLES |

**Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship, Committee, State or Local Government Agency who discriminated against me (if more than one list below).**

| Name ASTRAZENECA PHARMACEUTICALS, LP | No. of Employees/Members 501+ | Telephone No. (Include Area Code) 855-393-4056 |
| --- | --- | --- |
| Street Address 1800 CONCORD PIKE P.O. BOX 15437 | City, State and Zip Code WILMINGTON, DE 19850-5437 | |
| Name | No. of Employees/Members | Telephone No. (Include Area Code) |
| Street Address | City, State and Zip Code | |

| Cause of Discrimination based on (Check appropriate box(es)) | | | Date Discrimination took Place (Month, Day, Year) |
| --- | --- | --- | --- |
| ☒ Race | ☒ Color | ☐ Sex | APRIL 29, 2022 |
| ☐ National Origin | ☒ Religion | ☒ Age | |
| ☐ Disability | ☒ Retaliation | ☒ Other (Specify) V.A.M.S. 213.070.1(1), (2) &(4) | ☒ Continuing Action |

The Particulars Are (If additional space is needed, attach extra sheet(s)):

My name is Thomas Whitehill, I am a 56 year-old white male, and until recently I managed the Renal Metabolic Specialty sales team for AstraZeneca Pharmaceuticals, LP ("AZ"). I was terminated on April 29, 2022 directly as a result of AZ's illegal discrimination against me on the basis of my religious beliefs, my age, my race and color, because of my association with other faithful religious persons, and because I opposed AZ's discriminatory policies. Prior to my termination, I worked for AZ (or its acquired businesses) for nearly twenty-five (25) years.

In January of 2022, AZ initiated a so-called 100% COVID-19 vaccination policy for its US Division. However, this policy did not in fact require 100% vaccine compliance. On February 10, 2022, AZ informed all employees that they could seek medical and religious accommodations to the vaccination policy. I was informed that if I refused the vaccine because of my religious beliefs, I would be granted an accommodation, which would consist of weekly testing for COVID-19 infection. The stated deadline for submitting a religious accommodation request was February 28, 2022. Notably, beginning in August of 2021, AZ required employees to test weekly for COVID-19 and submit their test results. Between August 27, 2021 and April 29, 2022, I tested weekly for COVID-19 and submitted the results to AZ.

On February 27, 2022, I submitted a request for a religious accommodation to AZ's "100%" vaccination policy, and I also enclosed a letter from the Pastor of my Church. On March 31, 2022, AZ informed me they denied my request for accommodation because "you are not qualified for a reasonable accommodation." However, I have a colleague who is roughly twenty-three (23) years my junior (33) who submitted a substantially similar accommodation request, but was approved. My request for accommodation was based on my fervently held religious beliefs. In submitting my request for accommodation, I violated no policies nor engaged

| ☒ I want this charge filed with both the EEOC and the Missouri Commission on Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – (When necessary to meet State and Local Requirements) *[signature]* |
| --- | --- |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. x *[signature]*   5-28-2022 Charging Party (Signature)                    Date | x *[signature]* Signature of Complainant 28 MAY 2022 Subscribed and sworn to before me this date (Day, month and Year) |

Ethan Bradley Markovich I
My Commission Expires
February 22, 2026
St. Charles County
Commission # 21607885

MCHR-27 (4-99) AI

in misconduct. Further, AZ's decision to deny my accommodation was not based on any "undue hardship" to AZ, because the junior colleague, as one example, was exempted from the vaccine and his accommodation required him to test weekly for COVID-19 – as I had previously done for the eight (8) months prior to my termination. I have been an excellent employee for AZ in all my years there, and AZ's discrimination against me is morally and legally wrong.

As a result of the AZ's discrimination and retaliation, I have suffered **and continue to suffer** adverse actions including discrimination, termination, lost wages, severe emotional distress, anxiety, embarrassment, humiliation, and deprivation of my civil rights. As a remedy, I am seeking compensation for the above damages, including emotional damages, back pay, front pay, punitive damages, attorney's fees, costs, and all further remedies available under the law.



**Ethan Bradley Markovich I**
**My Commission Expires**
**February 22, 2026**
**St. Charles County**
**Commission # 21607885**

| | |
|---|---|
| ☒ I want this charge filed with both the EEOC and the Missouri Commission on Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *(When necessary to meet State and Local Requirements)* |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | |
| X _____    5-28-2022 | X _____ |
| Charging Party *(Signature)*            Date | Signature of Complainant |
| | 28, MAY 2022 |
| | Subscribed and sworn to before me this date *(Day, month and Year)* |

MCHR-27-2 AI

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

2311-CC00654

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

# EXHIBIT 4

**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
# MISSOURI COMMISSION ON HUMAN RIGHTS

| **MICHAEL L. PARSON** | **ANNA S. HUI** | **TIMOTHY FABER, DMIN.** | **ALISA WARREN, PH.D.** |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

Thomas Whitehill
90 Sunfish Drive
Defiance, MO 63341
*Via Complainant Attorney Email*

**NOTICE OF RIGHT TO SUE**

RE:   Thomas Whitehill vs. Astrazeneca Pharmaceuticals, LP
        E-05/22-54071  28E-2022-01081

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.                                           March 27, 2023
Executive Director                                             Date

C:      additional contacts listed on next page

| ☒ | ☐ | ☐ | ☐ |
|---|---|---|---|
| JEFFERSON CITY OFFICE | ST. LOUIS OFFICE | KANSAS CITY OFFICE | SIKESTON OFFICE |
| 421 E. DUNKLIN STREET | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1129 | 106 ARTHUR STREET, SUITE D |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | JEFFERSON CITY, 65102-1129 | SIKESTON, MO 63801-5454 |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 816-889-3582 | FAX: 573-472-5321 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | |
| FAX: 573-751-2905 | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights      E-Mail: mchr@labor.mo.gov

RE:     Thomas Whitehill vs. Astrazeneca Pharmaceuticals, LP
E-05/22-54071  28E-2022-01081

Astrazeneca Pharmaceuticals, LP
1800 Concord Pike, P.O. Box 15437
Wilmington, DE 19850
*Via Respondent Contact Email*

Daniel Kadish, Attorney
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, NY 10178
daniel.kadish@morganlewis.com

John C Burns
Burns Law Firm
P.O. Box 191250
Saint Louis, MO 63119
john@burns-law-firm.com

Electronically Filed - ST CHARLES CIRCUIT DIV - June 24, 2023 - 03:55 PM

Electronically Filed - ST CHARLES CIRCUIT DIV - July 21, 2023 - 09:28 AM

**IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI**
**CIRCUIT NO. 11**

_____

| | |
|---|---|
| THOMAS WHITEHILL, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | )      Case No. 2311-CC00654 |
| | ) |
| ASTRAZENECA PHARMACEUTICALS, LP, | ) |
| | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

_____

## ENTRY OF APPEARANCE

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that the following attorney of Morgan, Lewis & Bockius

LLP, enters her appearance as counsel for Defendant AstraZeneca Pharmaceuticals, LP in this

matter:

Elizabeth Herrington (MO Bar No. 48975)
Morgan, Lewis & Bockius LLP
110 North Wacker Drive
Twenty-Eighth Floor
Chicago, Illinois 60606
Telephone: +1.312.324.1000
Facsimile: +1.312.324.1001
beth.herrington@morganlewis.com

Please serve said counsel with all pleadings and notices in this action.

Electronically Filed - ST CHARLES CIRCUIT DIV - July 21, 2023 - 09:28 AM

Dated:  July 21, 2023                    Respectfully submitted,

                                         /s/ Elizabeth Herrington
                                         Elizabeth Herrington
                                         (MO Bar No. 48975)
                                         MORGAN, LEWIS & BOCKIUS LLP
                                         110 North Wacker Drive, 28th Floor
                                         Chicago, IL 60606
                                         Telephone:  +1.312.324.1000
                                         beth.herrington@morganlewis.com

                                         *Attorney for Defendant AstraZeneca*
                                         *Pharmaceuticals, LP*

Electronically Filed - ST CHARLES CIRCUIT DIV - July 21, 2023 - 09:28 AM

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2023, I electronically filed the foregoing with the Clerk of

the Court and caused to be served via email and First Class US Mail a true and correct copy of the

foregoing on the following counsel of record for Plaintiff:

John C. Burns, #66462 (MO)
BURNS LAW FIRM
P.O. Box 191250
St. Louis, Missouri 63119
(314) 329-5040
john@burns-law-firm.com

Jenny L. Foley, Ph.D.
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Ste. 100
Las Vegas, NV 89118
(702) 420-2001
ecf@randazza.com

/s/ Elizabeth Herrington
Elizabeth Herrington

Electronically Filed - ST CHARLES CIRCUIT DIV - July 21, 2023 - 09:28 AM

**IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI**
**CIRCUIT NO. 11**

| | |
|---|---|
| THOMAS WHITEHILL, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Case No. 2311-CC00654 |
| | ) |
| ASTRAZENECA PHARMACEUTICALS, LP, | ) |
| | ) |
| | ) |
| *Defendant.* | ) |
| | ) |
| | ) |

## DEFENDANT'S WAIVER AND ACCEPTANCE OF SERVICE

COMES NOW Defendant AstraZeneca Pharmaceuticals, LP, and acknowledges that on July 20, 2023 it received the Petition filed on June 24, 2023, including Exhibits 1 through 4 referenced therein.   Defendant hereby specifically waives the necessity of personal service of the Summons and Petition in the above-captioned matter.  Defendant waives any objections relating to sufficiency of service and is hereby granted up to and including September 18, 2023 to file its responsive pleading.

1

Electronically Filed - ST CHARLES CIRCUIT DIV - July 21, 2023 - 09:28 AM

Dated: July 21, 2023

Respectfully submitted,

/s/ Elizabeth Herrington
Elizabeth Herrington
(MO Bar No. 48975)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, 28th Floor
Chicago, IL 60606
Telephone:  +1.312.324.1000
beth.herrington@morganlewis.com

*Attorney for Defendant AstraZeneca
Pharmaceuticals, LP*

Electronically Filed - ST CHARLES CIRCUIT DIV - July 21, 2023 - 09:28 AM

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, I electronically filed the foregoing with the Clerk of the Court and caused to be served via email and First Class US Mail a true and correct copy of the foregoing on the following counsel of record for Plaintiff:

John C. Burns, #66462 (MO)
BURNS LAW FIRM
P.O. Box 191250
St. Louis, Missouri 63119
(314) 329-5040
john@burns-law-firm.com

Jenny L. Foley, Ph.D.
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Ste. 100
Las Vegas, NV 89118
(702) 420-2001
ecf@randazza.com

/s/ Elizabeth Herrington
Elizabeth Herrington