**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

---

**THOMAS WHITEHILL,**

          **Plaintiff,**

**v.**                                    **Civil Action No. 4:23-cv-01030**

**ASTRAZENECA PHARMACEUTICALS**
**LP,**

          **Defendant.**

---

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ASTRAZENECA**</u>
<u>**PHARMACEUTICALS LP'S MOTION TO DISMISS**</u>

Elizabeth Herrington
Thomas H. Severson (Pro Hac Vice
Forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Dr., 28th Floor
Chicago, IL 60606
Tel: (312) 324-1000
Fax: (312) 324-1001
beth.herrington@morganlewis.com
tom.severson@morganlewis.com

Jocelyn R. Cuttino (Pro Hac Vice
Forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739-3001
jocelyn.cuttino@morganlewis.com

*Counsel for Defendant AstraZeneca Pharmaceuticals LP*

## <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     PLAINTIFF'S ALLEGATIONS ...................................................................... 2

III.    ARGUMENT ..................................................................................................... 3

     A.    Rule 12(B)(6) Legal Standard ................................................................. 3

     B.    **Plaintiff's Religious Discrimination Claim Should Be Dismissed Because the Facts Do Not Allege that A Bona Fide Religious Belief Conflicted with AZ's Vaccination Requirement** ........................................ 4

     C.    **Plaintiff's Sex and Race Discrimination Claims Should Be Dismissed Because There Are No Factual Allegations to Even Suggest That His Sex or Race Was Connected to His Termination** ........................................ 9

     D.    **Plaintiff's Age Discrimination Claim Fails Because He Has Not Identified and Cannot Identify Any Younger Employees Who Were Treated More Favorably** ...................................................................... 9

     E.    **Plaintiff's Retaliation Claim Fails Because He Did Not Oppose Unlawful Discrimination and Did Not Engage in Protected Activity by Requesting An Accommodation** ..................................................... 10

     F.    **Plaintiff's Common Law Negligence Claims (Counts Six and Eight) Are Preempted by the MHRA and Otherwise Fail** ............................... 12

     G.    **Plaintiff's Claim of Discrimination Based on Association Should Fail Because Plaintiff Does Not Allege Who He Purportedly Associated With, or That AZ Had Knowledge of His Associations, or That His Alleged Associations Were A Factor in His Termination** ......................... 14

     H.    **Plaintiff Should Not Be Afforded Leave to Amend** ............................ 15

IV.     CONCLUSION ............................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ash v. Anderson Merchandisers, LLC*,
    799 F.3d 957 (8th Cir. 2015) .................................................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................8

*Blackwell v. Alliant Techsystems, Inc.*,
    822 F.3d 431 (8th Cir. 2016) .................................................10

*Bonomo v. Boeing Co.*,
    No. 4:21-CV-00411-SEP, 2022 WL 579242 (E.D. Mo. Feb. 25, 2022), *aff'd*,
    63 F.4th 736 (8th Cir. 2023) ..................................................4

*Divine Equal. Righteous v. Overbrook Sch. for the Blind*,
    No. CV 23-846, 2023 WL 4763994 (E.D. Pa. July 26, 2023).........................10, 11

*Duncan v. Am. Com. Barge Line, LLC*,
    166 S.W.3d 78 (Mo. Ct. App. 2004) ......................................13

*Equal Emp. Opportunity Comm'n v. N. Mem'l Health Care*,
    908 F.3d 1098 (8th Cir. 2018) ...............................................10

*Fallon v. Mercy Cath. Med. Ctr. of Se. Pennsylvania*,
    877 F.3d 487 (3d Cir. 2017)....................................................6

*Finkbeiner v. Geisinger Clinic*,
    623 F. Supp. 3d 458 (M.D. Pa. 2022) .......................6, 7, 14

*Friend v. AstraZeneca Pharms. LP*,
    No. CV SAG-22-03308, 2023 WL 3390820 (D. Md. May 11, 2023)....................6

*Gallatin v. W.E.B. Restaurants Corp.*,
    764 S.W.2d 104 (Mo. Ct. App. 1988) ....................................12

*Griffin v. Massachusetts Dep't of Revenue*,
    No. 22-CV-11991-FDS, 2023 WL 4685942 (D. Mass. July 20, 2023)................7, 8

*Hardebeck v. Warner-Jenkinson Co.*,
    108 F. Supp. 2d 1062 (E.D. Mo. 2000)..................................13

*Hoaglin v. HyVee Inc.*,
   No. 6:18-03262-CV-RK, 2019 WL 1928536 (W.D. Mo. Apr. 30, 2019) ..............................12

*Huskey v. Petsmart, Inc.*,
   No. 18-00813-CV-W-NKL, 2019 WL 122873 (W.D. Mo. Jan. 7, 2019) ..............................12

*Jeude v. City of St. Louis, Missouri*,
   No. 4:22-CV-989-MTS, 2023 WL 1070342 (E.D. Mo. Jan. 27, 2023)...................................4

*John Doe CS v. Capuchin Franciscan Friars*,
   520 F. Supp. 2d 1124 (E.D. Mo. 2007)................................................................................13

*Johnson v. Mount Sinai Hosp. Grp., Inc.*,
   No. 22CV2936AMDJRC, 2023 WL 2163774 (E.D.N.Y. Feb. 22, 2023),
   *motion for relief from judgment denied*, No. 22CV2936AMDJRC, 2023 WL
   3159233 (E.D.N.Y. Apr. 28, 2023)......................................................................................11

*Jones v. TEK Indus., Inc.*,
   319 F.3d 355 (8th Cir. 2003) ...........................................................................................4, 5

*Jones v. USIC*,
   No. 4:23-CV-00170-SEP, 2023 WL 4363906 (E.D. Mo. July 6, 2023)..................................8

*Karnatcheva v. JPMorgan Chase Bank, N.A.*,
   704 F.3d 545 (8th Cir. 2013) ...............................................................................................3

*Leigh v. Artis-Naples, Inc.*,
   No. 2:22-CV-606-JLB-NPM, 2022 WL 18027780 (M.D. Fla. Dec. 30, 2022) ....................10

*Librandi v. Alexion Pharms., Inc.*,
   No. 3:22CV1126(MPS), 2023 WL 3993741 (D. Conn. June 14, 2023) ..............................11

*Lundstrom v. Contra Costa Health Servs.*,
   No. 22-CV-06227-CRB, 2022 WL 17330842 (N.D. Cal. Nov. 29, 2022) ...........................11

*Mann v. Frank*,
   795 F. Supp. 1438 (W.D. Mo. 1992), *aff'd*, 7 F.3d 1365 (8th Cir. 1993)................................4

*Nickel v. Stephens Coll.*,
   480 S.W.3d 390 (Mo. Ct. App. 2015).................................................................................13

*Reichert v. Infusion Partners, L.L.C.*,
   No. CV 22-5450, 2023 WL 4685377 (E.D. La. July 21, 2023)............................................10

*Ritter v. Delta Sch. Dist.*,
   No. 1:18 CV 170 ACL, 2019 WL 2027725 (E.D. Mo. May 8, 2019)....................................12

*Sarasota Wine Mkt., LLC v. Parson*,
    381 F. Supp. 3d 1094 (E.D. Mo. 2019), *aff'd sub nom. Sarasota Wine Mkt.,
    LLC v. Schmitt*, 987 F.3d 1171 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 335
    (2021) .................................................................................................................4

*Williams v. First Nat. Bank of St. Louis*,
    No. 4:14CV01458 ERW, 2014 WL 5800199 (E.D. Mo. Nov. 7, 2014) .................................10

*Winfrey v. Ford Motor Co.*,
    No. 4:19-CV-00889-DGK, 2020 WL 1558117 (W.D. Mo. Apr. 1, 2020) ............................12

*Wisdom v. First Midwest Bank, of Poplar Bluff*,
    167 F.3d 402 (8th Cir. 1999) ..............................................................................15

**Statutes**

Missouri Human Rights Act, Revised Statutes of Missouri Section 213.010, *et
    seq.* (the "MHRA") ................................................................................... *passim*

Missouri Worker's Compensation Act ........................................................................13

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ..............................................................1, 3

## I.      INTRODUCTION

Plaintiff Thomas Whitehill ("Plaintiff")'s Petition challenging Defendant AstraZeneca Pharmaceutical LP ("AZ" or "Defendant")'s COVID-19 vaccine requirement should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it is devoid of factual allegations that support any of his claims for relief. Specifically, the Petition fails to state plausible causes of action for the following reasons.

1)      Plaintiff's religious discrimination claim fails because Plaintiff has not established and cannot establish that he has a bona fide religious belief that conflicted with AZ's vaccination requirement. Indeed, several courts have held that objections to COVID-19 akin to "my body is a temple," particularly when raised along with concerns regarding whether vaccines are harmful or necessary, and statements that vaccines should be a personal choice, are insufficient to establish that a religious belief conflicts with an employment requirement and therefore cannot support a religious discrimination claim.

2)      Plaintiff's threadbare reference to being a "white, Caucasian, adult male" without a single fact to suggest that description is connected to his termination is wholly insufficient to state a claim for race or sex discrimination.

3)      Plaintiff's claim that he suffered age discrimination because an unnamed younger employee was granted and accepted a religious accommodation, and in lieu of being vaccinated, underwent weekly testing, lacks plausibility. First, there are absolutely no allegations related to who this alleged comparator is or what his accommodation request was. Second, the alleged comparator was in no way similarly situated to Plaintiff, who made clear that he believed "submitting to ongoing weekly PCR testing would violate [his] sincerely held religious beliefs." The alleged younger employee whose religious views permitted him to participate in weekly testing is clearly not a proper comparator to Plaintiff, who was unwilling to agree to take COVID-19 tests.

4)      Plaintiff's retaliation claim fails because there are no facts to suggest that he opposed illegal discrimination. Rather, the facts only allege that he requested an accommodation,

1

and courts have made clear that merely requesting a religious accommodation is not the same as opposing the alleged unlawful denial of an accommodation. Further, the record is clear that AZ provided employees with advance notice that termination would result from non-compliance with its vaccination mandate, absent an approved exemption.

5)      Plaintiff's common law negligence claims are preempted by the Missouri Human Rights Act, Revised Statutes of Missouri Section 213.010, *et seq.* (the "MHRA") and would nevertheless fail because he does not allege that he was harmed by anyone acting *outside* the scope of their employment, as required to state these claims.

6)      Plaintiff's associational discrimination claim is wholly without merit because there is no dispute that Plaintiff was terminated for failing to get vaccinated or take weekly tests. There are no factual allegations to suggest his association with anyone else was anything ever known to or considered by AZ or contributed to his termination.

## II.      PLAINTIFF'S ALLEGATIONS[1]

Plaintiff's Petition alleges that in August 2021, AZ announced a requirement that all employees disclose their COVID-19 vaccination status. Dkt. 6, Petition ("Pet.") ¶ 10. In January 2022, AZ implemented a COVID-19 vaccine mandate for all U.S. employees. Pet. ¶ 12. However, AZ explained that it would provide exemption opportunities for employees who could not get vaccinated due to a medical need or a sincerely held religious belief that conflicted with the vaccination requirement. Pet. ¶ 15. Plaintiff submitted a request for an exemption from the vaccination requirement that stated:

> [I] am hereby invoking my religious right to exemption from taking the vaccine, and to the weekly asymptomatic Covid tests that are intrusive and unnecessary as per my deeply held religious beliefs. I believe that God has created me with an immune system and I object to the intrusion of any medical intervention designed to modify God's design of my immune system. Regular Covid testing could damage the body, and the substances in the test may possibly be harmful. Further, it is my deeply held religious belief that I am called to protect

---

[1] AZ recounts the Petition's allegations as true only for purposes of this Motion, and generally denies Plaintiff's allegations of discrimination and other alleged wrongdoing.

the body and not participate in an unnecessary medical intervention, and in doing this I am honoring the Lord, as I am called to do.

…

[T]aking the COVID vaccination, and weekly asymptomatic PCR testing would violate my sincerely held religious beliefs, and I am invoking my right to accommodation from taking the vaccine and weekly asymptomatic PCR testing. Because of my faith, and my deeply held Christian beliefs, for me to receive the COVID Vaccines and be subject to weekly asymptomatic PCR testing would cause me to violate these beliefs, and therefore would be in direct contrast with my deeply held Christian faith.

…

In thoughtfully considering the Covid vaccine, I have a strong, sincere spiritual belief that, for me personally, receiving the Covid vaccine would violate my specific Christian worldview. My official church doctrinal position teaches that receiving or declining the Covid vaccine is a matter of conscience for each individual covenant church member (a Christian liberty, wisdom issue, or a type of qualified 'autonomy of the believer'). Each covenant member, then, is to exercise their Christian liberty in freedom…, to be convinced of their own mind…, along with wise counsel so as not to violate their conscience. We are not to judge each other's decision…in this area of Christian liberty, but instead, ensure we each one, commit to our personal decision that is informed by the Word of God… For us, our body is not our own, but the Lord's, who redeemed it, made it His temple, and with it we must serve and glorify Him… I have multiple hesitations, and clear concerns that being vaccinated, and submitting to ongoing weekly asymptomatic PCR testing would be a violation of my deeply held religious beliefs.

Pet. ¶ 10, Exhibit 1.

AZ determined that Plaintiff was not qualified for an accommodation and granted him additional time to get vaccinated in compliance with its requirements. Pet. ¶¶ 24-26. When Plaintiff chose to remain unvaccinated, AZ terminated his employment on April 29, 2022. Pet. ¶ 30, Exhibit 1.

### III.    ARGUMENT

As set forth below, each of Plaintiff's counts should be dismissed under Rule 12(b)(6) because the Petition is devoid of factual allegations that would support any of his claims.

### A.    Rule 12(B)(6) Legal Standard

Matters removed to federal court are governed by the federal pleading standard. *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013). To survive a

motion to dismiss under Rule 12(b)(6), "a complaint must plead more than 'legal conclusions' and '[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements.'" *Jeude v. City of St. Louis, Missouri*, No. 4:22-CV-989-MTS, 2023 WL 1070342, at *2 (E.D. Mo. Jan. 27, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim should be dismissed if Plaintiff cannot establish "a plausible claim for relief" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "A pleading that merely pleads labels and conclusions or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not suffice." *Sarasota Wine Mkt., LLC v. Parson*, 381 F. Supp. 3d 1094, 1099 (E.D. Mo. 2019), *aff'd sub nom. Sarasota Wine Mkt., LLC v. Schmitt*, 987 F.3d 1171 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 335 (2021). Failure to state "a plausible claim for relief" must result in dismissal of the claims. *See Iqbal*, 556 U.S. at 679.

   **B.**   **Plaintiff's Religious Discrimination Claim Should Be Dismissed Because the Facts Do Not Allege that A Bona Fide Religious Belief Conflicted with AZ's Vaccination Requirement**

   Plaintiff's religious discrimination claim cannot survive dismissal because he has not pled that he held a bona fide religious belief that was in opposition to AZ's requirement; his opposition to the vaccine is a personal medical judgment that did not conflict with his religious beliefs. As such, he cannot show that he had "a bona fide belief that compliance with an employment requirement is contrary to [his] religious faith," which is the first essential element of a religious discrimination claim under the MHRA. *Mann v. Frank*, 795 F. Supp. 1438, 1449 (W.D. Mo. 1992),

*aff'd*, 7 F.3d 1365 (8ᵗʰ Cir. 1993); *Jones v. TEK Indus., Inc.*, 319 F.3d 355, 359 (8th Cir. 2003), citing *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 65-66 (1986).[2]

In *Kiel v. Mayo Clinic Health System Southeast Minnesota*, the court rejected claims nearly identical to Plaintiff's because the plaintiffs could not demonstrate sincerely held religious beliefs that conflicted with an employment requirement. No. CV 22-1319 (JRT/ECW), 2023 WL 5000255, at *7 (D. Minn. Aug. 4, 2023). Specifically, the court held:

- A plaintiff's belief that "her body is a temple" that she cannot put impure or place dangerous substances into it is "rooted in [the] belief that the vaccine is unhealthy or unsafe, which is not itself a religious belief," and does not satisfy the first *Jones* element. *Id.*, at *8.

- A plaintiff's allegations that he researched the vaccine and concluded "that God would take care of him" and told him 'to avoid the altering stuff that [the vaccines] had, that [his] God-given immune system' would help him" suggested that his opposition was a medical decision and safety judgment, not a religious belief. *Id.*, at *9.

- A plaintiff's claim that taking vaccines was "**my choice** by my guidance from my God" suggested that his religion did not prohibit him from getting vaccinated. *Id.* (emphasis in original).

- A plaintiff's claim that she "does not believe in putting unnecessary vaccines or medications in her body, or going to the doctor or allowing testing of her body when it is not necessary" without an explanation of how COVID-19 testing would cause

---

[2] AZ relies on cases decided under Title VII or similarly interpreted state laws because "Missouri courts routinely construe the MHRA in accordance with both state law and federal antidiscrimination law." *Bonomo v. Boeing Co.*, No. 4:21-CV-00411-SEP, 2022 WL 579242, at *3 (E.D. Mo. Feb. 25, 2022), *aff'd*, 63 F.4th 736 (8th Cir. 2023).

harm to her body suggested that her objection to weekly testing was "simply a personal medical preference." *Id.*

- Allegations that a plaintiff did not believe in "allowing testing of her body when it **is not necessary**" and that testing "violates her conscience" were insufficient to plausibly allege a sincerely held religious belief because the language suggested that "her religious beliefs are not inherently in conflict with weekly testing, but rather she has made a personal judgment about the necessity of COVID-19 testing." *Id.* at 10 (emphasis in original).

Other courts have dealt with similar allegations the same way. For example, in *Passarella v. Aspirus, Inc.*, plaintiffs claimed a right to refuse the vaccine "as a Christian" and, in one plaintiff's words, she prayed and believed God supported her decision regarding what to put in her body, which was a temple of the Holy Spirit. No. 22-CV-287-JDP, 2023 WL 2455681, at *5-6 (W.D. Wis. Mar. 10, 2023). The court held that while the plaintiffs "couched their requests in religious terms, claiming that their decisions had been ratified by prayer…the use of religious vocabulary does not elevate a personal medical judgment to a matter of protected religion." *Id.*, at *6. Courts likewise have held that objections based on a vaccination causing damage to the body or being harmful or unnecessary were medical judgments and not religious beliefs. *See, e.g., Fallon v. Mercy Cath. Med. Ctr. of Se. Pennsylvania*, 877 F.3d 487, 492 (3d Cir. 2017) (holding the claim that flu vaccine "might do more harm than good" was medical judgment and not religious belief); *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 465-66 (M.D. Pa. 2022) (objection that plaintiff was "afraid of the side effects and potential future health risks these chemicals may cause" stemmed from medical and not religious beliefs, and objection that vaccine interfered with her "God given right to make her own choices" was not religious).

6

In fact, one district judge has already dismissed objections to the same AZ vaccine requirement that Plaintiff objects to where the plaintiff asserted that their "conscious mind allows for rational decision making and practicing [their] own beliefs." *See Friend v. AstraZeneca Pharms. LP*, No. CV SAG-22-03308, 2023 WL 3390820, at *3 (D. Md. May 11, 2023) ("These types of assertions (which are little more than a declaration that Plaintiff has the right to make his own decisions) do not constitute religious beliefs, even where religion is more expressly invoked.").

Here, regardless of how sincerely held Plaintiff's beliefs may be, they are not in opposition to AZ's vaccination mandate. Plaintiff's accommodation request form states that his "official church doctrinal position teaches that **receiving or declining** the Covid vaccine is a matter of conscience for each individual covenant church member" and "[e]ach covenant member, then, is to **exercise their Christian liberty** in freedom…**to be convinced in their own mind**…" Pet., Exhibit 1 (emphasis added). According to his own description, Plaintiff's faith is not in opposition at all; rather, it dictates that being vaccinated is a *personal decision* that should not be judged by others. In other words, if Plaintiff decided to be vaccinated, or if he believed it was healthy to get vaccinated, his faith would fully support and would not judge that decision. Plaintiff's opposition, therefore, is that his faith says he should have a choice.

There are plenty of employer requirements that employees may not want to follow, such as showing up at a specific time or working late before a deadline, but an argument that an employer must unfailingly respect one's "God given right to make her own choices" would "amount to a 'blanket privilege' and a 'limitless excuse for avoiding all unwanted…obligations.'" *Finkbeiner*, 623 F. Supp. 3d at 465-66, citing *Afr. v. Com. of Pa.*, 662 F.2d 1025, 1030-31 (3d Cir. 1981); *see also Griffin v. Massachusetts Dep't of Revenue*, No. 22-CV-11991-FDS, 2023 WL 4685942, at *6 (D. Mass. July 20, 2023) ("A stated claim of religious belief, without more, cannot

grant an individual 'a blanket privilege to make his own standards on matters of conduct in which society as a whole has important interests.'"). As the court held in *Kiel*, the fact that Plaintiff's religion gives him a clear **choice** demonstrates that it is not in opposition to the vaccination.

Further, Plaintiff's description shows that his opposition is rooted in medical preferences and not religious beliefs. Plaintiff states that the vaccine and weekly testing are "intrusive and unnecessary," "could damage the body," and "the substances in the test may possibly be harmful." Pet., Exhibit 1. He does not allege that for these reasons, his religion dictates that he cannot be vaccinated or tested. Indeed, whether he believed the vaccine was safe or harmful, his religion would support his decision either way. But his choice is based on his belief that it is harmful, and as explicitly set forth in *Kiel*, that choice is a medical preference and personal safety judgment, not a religious opposition.

Moreover, Plaintiff stealthily claims that he "expressed his willingness to do weekly testing in lieu of vaccination." Pet. ¶ 23. Even though this allegation is belied by his accommodation request, which repeatedly states in no uncertain terms that he would not submit to weekly testing, it makes even more clear that Plaintiff's objection was not required by his religion. Plaintiff was unwilling to abide by *any* safety precautions to protect others from unnecessary exposure to disease. Even if Plaintiff sincerely believes that his religion protects his right to make his own personal decision about the vaccination, he was not terminated because of that belief; he was terminated because he refused to comply with AZ's vaccination and testing requirements based on his medical preferences rather than on a specific tenet or principle that did not permit him to be vaccinated or tested. *See Griffin*, 2023 WL 4685942, at *7.

**C.**      <u>Plaintiff's Sex and Race Discrimination Claims Should Be Dismissed Because There Are No Factual Allegations to Even Suggest That His Sex or Race Was Connected to His Termination</u>

Plaintiff's only factual allegation in the Petition that is in any way related to race or sex is a single statement that "[h]e is a white, Caucasian, adult male." Pet. ¶ 3. Plaintiff then makes conclusory allegations that "[he] was treated less favorably" than women and non-white employees, which are no more than threadbare recitations of the elements. Pet. ¶¶ 48, 62. The formulaic recitation of the elements of a cause of action, without more, does not satisfy the federal pleading standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Jones v. USIC*, No. 4:23-CV-00170-SEP, 2023 WL 4363906, at *2 (E.D. Mo. July 6, 2023). Further, in a patent admission that the claim has no factual support, Plaintiff alleges sex discrimination "on information and belief." But merely setting forth the legal elements of a claim, whether "upon information and belief" or not, is insufficient to state a claim for relief. *See Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 961 (8th Cir. 2015).

**D.**      <u>Plaintiff's Age Discrimination Claim Fails Because He Has Not Identified and Cannot Identify Any Younger Employees Who Were Treated More Favorably</u>

As an initial matter, Plaintiff's reliance on an alleged comparator to demonstrate that he was discriminates against based on his age is wholly deficient because Plaintiff does not name the supposed comparator, describe the content of their request form in any detail, explain how their job was similar to Plaintiff's, or explain how Plaintiff knows that this individual had a substantially similar request. Beyond that, Plaintiff further admits that this purported comparator was not a member Plaintiff's own church. Pet. ¶ 29. Moreover, Plaintiff based his own request on his own *personal* beliefs, and he recognized that his official church position established that getting vaccinated was an individual choice for each member. Pet., Exhibit 1 ("I have a strong, sincere spiritual belief that, for me personally, receiving the Covid vaccine would violate my specific

Christian worldview. My official church doctrinal position teaches that receiving or declining the Covid vaccine is matter of conscience for each individual covenant church member."). Additionally, Plaintiff's allegation that the comparator is similarly situated to Plaintiff fails because Plaintiff admits that this individual agreed "to be tested for COVID-19 every week rather than get vaccinated." Pet. ¶ 28. However, Plaintiff's own accommodation request form makes plain that he refused to participate in weekly testing, so he is not similarly situated to the alleged comparator.

Plaintiff's attempt to manufacture a younger comparator with a contradictory and unfounded conclusory allegation should be rejected and his age discrimination claims should be dismissed. *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 435-36 (8th Cir. 2016) (dismissing age claim premised on comparator who was not "similarly situated in all respects").[3]

**E.      Plaintiff's Retaliation Claim Fails Because He Did Not Oppose Unlawful Discrimination and Did Not Engage in Protected Activity by Requesting an Accommodation**

Plaintiff's conclusory allegation that AZ "retaliated against [him] for opposing Defendant's illegal discriminatory practices," Pet. ¶ 68, is devoid of any factual support and should be dismissed on that basis alone. Plaintiff does not identify a single alleged discriminatory practice he opposed or how he allegedly opposed it. Rather, Plaintiff only claims that he submitted a religious accommodation request (and that the denial of that request was "final"). Pet. ¶ 26, Exhibit 1. "[M]erely requesting a religious accommodation is not the same as opposing the allegedly

---

[3] Plaintiff alleges in passing that he would have done weekly testing (Pet. ¶ 23), but the Court does not have to accept this allegation as it is clearly contradicted by his accommodation request, which repeatedly states that he was objecting to both the vaccination requirement and testing requirements and at no point mentioned a willingness to do weekly testing. *See Williams v. First Nat. Bank of St. Louis*, No. 4:14CV01458 ERW, 2014 WL 5800199, at *4 (E.D. Mo. Nov. 7, 2014) ("Courts need not accept as true 'factual assertions that are contradicted by the complaint itself [or] by documents upon which the pleadings rely…'").

unlawful denial of a religious accommodation," *Equal Emp. Opportunity Comm'n v. N. Mem'l Health Care*, 908 F.3d 1098, 1102 (8th Cir. 2018), and submitting a religious accommodation request in response to an employer's vaccine mandate does not constitute protected conduct. *Divine Equal. Righteous v. Overbrook Sch. for the Blind*, No. CV 23-846, 2023 WL 4763994, at *10 (E.D. Pa. July 26, 2023); *Reichert v. Infusion Partners, L.L.C.*, No. CV 22-5450, 2023 WL 4685377, at *6 (E.D. La. July 21, 2023) (request for exemption to vaccine mandate not protected activity); *Leigh v. Artis-Naples, Inc.*, No. 2:22-CV-606-JLB-NPM, 2022 WL 18027780, at *13 (M.D. Fla. Dec. 30, 2022) (same). Thus, Plaintiff's allegation that he submitted an accommodation request in response to AZ's vaccine mandate does not establish that he engaged in protected activity.

Even if an accommodation request could constitute protected activity, the Petition is devoid of any factual allegations that suggest AZ terminated Plaintiff because of his request. Multiple courts have dismissed federal and state retaliation claims arising out of denied requests for religious exemptions to vaccine mandates. *See, e.g., Divine Equality Righteous*, 2023 WL 4763994, at *10 (holding that even when viewing the complaint in the light most favorable to plaintiff, termination for not following vaccination policy was not in retaliation for any protected activity); *Librandi v. Alexion Pharms., Inc.*, No. 3:22CV1126(MPS), 2023 WL 3993741, at *8 (D. Conn. June 14, 2023) (holding that plaintiff could not plausibly allege causation between her allegedly protected activity and her termination "where the Defendant's COVID-19 policy— 'which was undisputedly the grounds for [her] termination when she chose to remain unvaccinated—was enacted *before* she spoke up in opposition to the vaccination requirement'")[4]

---

[4] Alexion Pharmaceuticals, Inc. ("Alexion") and AstraZeneca LP are both wholly-owned US-based subsidiaries of AstraZeneca PLC. All employees of Alexion and AZ were required to follow the vaccination requirement described herein.

(emphasis in original); *see also Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 22CV2936AMDJRC, 2023 WL 2163774, at *7 (E.D.N.Y. Feb. 22, 2023), *motion for relief from judgment denied*, No. 22CV2936AMDJRC, 2023 WL 3159233 (E.D.N.Y. Apr. 28, 2023) (same); *Lundstrom v. Contra Costa Health Servs.*, No. 22-CV-06227-CRB, 2022 WL 17330842, at *7 (N.D. Cal. Nov. 29, 2022) (same).

Because the Petition contains no non-conclusory allegations that Plaintiff engaged in any protected activity, or that even if he had, there is a causal nexus between his protected activity and termination, his retaliation claim should be dismissed.

**F.      Plaintiff's Common Law Negligence Claims (Counts Six and Eight) Are Preempted by the MHRA and Otherwise Fail**

As an initial matter, all of Plaintiff's negligence claims fail because he does not allege that anyone acted negligently. Rather, his claims are based entirely on intentional conduct, that is, denying his request to not take *any* precautionary measures to ensure the safety of others. All of Plaintiff's discrimination claims require intentional conduct, and "[i]t is an axiom that theories based upon alleged 'negligent' and 'intentional' conduct are contradictory and mutually exclusive." *Gallatin v. W.E.B. Restaurants Corp.*, 764 S.W.2d 104, 105 (Mo. Ct. App. 1988).

Plaintiff's negligence claims also are entirely preempted by the MHRA. The MHRA states that it and two other enumerated statutes "shall provide the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." Mo. Rev. Stat. § 213.070.2. As such, claims for negligence and intentional or negligent infliction of emotional distress that arise from the same factual allegations as the underlying MHRA claims must be dismissed. *Winfrey v. Ford Motor Co.*, No. 4:19-CV-00889-DGK, 2020 WL 1558117, at *2 (W.D. Mo. Apr. 1, 2020); *see also Huskey v. Petsmart, Inc.*, No. 18-00813-CV-W-NKL, 2019 WL 122873, at *2 (W.D. Mo. Jan. 7, 2019) ("[I]n Missouri, damages arising from the employment relationship cannot be

redressed except through the specified statutes."); *Ritter v. Delta Sch. Dist.*, No. 1:18 CV 170 ACL, 2019 WL 2027725, at *3 (E.D. Mo. May 8, 2019) (dismissing "claims for failure to train, supervise, and prevent employees from acting in a discriminatory manner" as preempted by the MHRA); *Hoaglin v. HyVee Inc.*, No. 6:18-03262-CV-RK, 2019 WL 1928536, at *1 (W.D. Mo. Apr. 30, 2019) (denying leave to amend complaint to add tort claims because "[p]laintiff bases her tort claims on the same facts as those that form the basis of her [MHRA] claims, and she seeks the same remedies."). Thus, by its express terms, the MHRA preempts Plaintiff's common law claims for damages arising out of his employment relationship with AZ.[5]

Further, Plaintiff's negligent hiring, supervision, and retention claim fails because Plaintiff has not alleged that anyone acted outside the scope of their employment. "[A] negligent supervision claim requires as a necessary and indispensable element that that [sic] the employee be acting outside of the scope of her employment." *Nickel v. Stephens Coll.*, 480 S.W.3d 390, 402 (Mo. Ct. App. 2015). Under Missouri law, "an act is within the scope of employment when the act was done in furtherance of the business or interests of the employer." *John Doe CS v. Capuchin Franciscan Friars*, 520 F. Supp. 2d 1124, 1131 (E.D. Mo. 2007) (citation omitted). Again, denying Plaintiff's request not to take any precautionary measures to protect others was an act of carrying out a requirement in furtherance of AZ's business or interests. Thus, Plaintiff's negligent hiring, supervision and retention claim must fail because "it is uncontroverted that [AZ employees] were at all times acting with the course and scope of their employment." *See Nickel*, 480 S.W.3d at 402.

---

[5] Plaintiff's common law claims are also preempted by the Missouri Workers' Compensation Act. *See, e.g.*, *Hardebeck v. Warner-Jenkinson Co.*, 108 F. Supp. 2d 1062, 1065 (E.D. Mo. 2000) (collecting cases and noting "[i]n cases in which plaintiffs have filed claims under Title VII and/or the MHRA as well as common law tort claims for intentional and/or negligent infliction of emotional distress, courts have consistently dismissed the common-law tort claims as being preempted by the Missouri Workers' Compensation Act.").

Plaintiff's negligent infliction of emotional distress claim should further be dismissed because Plaintiff does not allege he was ever placed in fear of physical danger. Plaintiff, of course, never got the vaccine or underwent weekly testing, so at no point was he ever subject to impending physical contact or a sudden event that could produce physical harm. *See Duncan v. Am. Com. Barge Line, LLC*, 166 S.W.3d 78, 83 (Mo. Ct. App. 2004) ("[T]he physical impact/zone of danger test … is [] required in a claim for negligent infliction of emotional distress."). The Petition fails to address any of these elements. To the extent that Plaintiff is alleging that AZ's decisions to deny his religious accommodation request and terminate his employment constitute sudden events that could have reasonably put someone in fear of physical harm, his allegation is plainly insufficient. *Finkbeiner*, 623 F. Supp. 3d at 469 (dismissing negligent infliction of emotional distress claims arising out of vaccine mandate because "it is not extreme and outrageous for a health system to present employees with the choice of a jab, a swab, or their job … it's not as though she was vaccinated or tested against her will. There was no gun-to-the-head, needle-to-the-shoulder, or swab-to-the-nostril moment. She refused and was fired.").

### G.    Plaintiff's Claim of Discrimination Based on Association Should Fail Because Plaintiff Does Not Allege Who He Purportedly Associated With, or That AZ Had Knowledge of His Associations, or That His Alleged Associations Were a Factor in His Termination

Plaintiff has not alleged any facts that could support his associational discrimination claim. In fact, the first time the Petition mentions his association with anyone is in his single conclusory, unsupported, and bare allegation that his "association with Christians within and without AZ who oppose COVID-19 vaccination" was a motivating factor in termination of his employment. Plaintiff does not name a single person "within and without AZ" with whom he allegedly associated or who opposed the vaccination, and he does not allege that AZ had any knowledge of any such association or knew the religions of the unidentified individuals he associated with or

whether they opposed the vaccination. As set forth many times above, there are no facts in the Petition to suggest that anything other than AZ's vaccination mandate and Plaintiff's decision not to comply with that mandate was a reason for terminating his employment. Like all other claims, this claim should be dismissed.

### H.   <u>Plaintiff Should Not Be Afforded Leave to Amend</u>

Although courts will generally provide at least one chance to amend a defective complaint, leave to amend can be denied when there is no possibility that an amendment will save a meritless claim. *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999). Here, there is no amendment that could salvage Plaintiff's claims. His accommodation request form, which makes clear that his objection was a choice that was medical and not religious, is in the record and cannot change, and any attempt to plead facts that are inconsistent with the form would be improper. As such, leave to amend should be denied.

### IV.   CONCLUSION

Because Plaintiff's religion afforded him the right to opt to receive or decline the COVID-19 vaccination and to do so without judgment, he cannot establish that his religious beliefs were contrary to AZ's vaccination requirement. To the contrary, his religion did not prohibit him from being vaccinated and would have respected his choice. Plaintiff chose not to be vaccinated because of his preference to refuse medical intervention or substances that he believed were harmful. Plaintiff was well within his right to make that choice, but he was not permitted to remain employed with AZ without complying with its requirements. Plaintiff's refusal to be vaccinated or tested weekly—and not his religious beliefs—was the sole reason for his termination. As such, all of Plaintiff's claims to the contrary, including his discrimination and negligence claims, are without merit and lack factual support. Therefore, all of these claims should be dismissed.

Dated: September 18, 2023                Respectfully submitted,

*/s/ Elizabeth Herrington*
Elizabeth Herrington
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 324-1000
beth.herrington@morganlewis.com

Jocelyn R. Cuttino
(Pro Hac Vice Forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
(202) 739-3000
jocelyn.cuttino@morganlewis.com

Thomas H. Severson
(Pro Hac Vice Forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606
(312) 324-1000
tom.severson@morganlewis.com

*Attorneys for Defendant AstraZeneca*
*Pharmaceuticals LP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 18, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification to all counsel of record.

*/s/ Elizabeth Herrington*
Elizabeth Herrington
