# UNITED STATES DISTRICT COURURT
## EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

THOMAS WHITEHILL,

                    Plaintiff,

          v.

ASTRAZENECA PHARMACEUTICALS LP,

                    Defendant.

Case No. 4:21-cv-01030-MTS

**RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

      Plaintiff Thomas Whitehill ("Plaintiff" or "Mr. Whitehill") hereby responds to Defendant's Notice of Supplemental Authority (ECF No. 26).  At the outset, Plaintiff notes that such is an improper additional memorandum, and leave was not sought under Local Rule 4.01(C), thus it should be disregarded.[1]  Nevertheless, Defendant's success in *Mullen v. AstraZeneca Pharmaceuticals LP*, No. 23-3903, 2023 WL 8651411 (E.D. Pa. Dec. 14, 2023) is neither binding nor persuasive authority in this matter.

      Irrespective of *Mullen*, Mr. Whitehill adequately sought a religious accommodation. AstraZeneca would have the judiciary establish a bright line that adherents to faiths that allow individuals to make choices upon spiritual reflection are second-class citizens to those whose faiths offer no choices.  It would upend the jurisprudence allowing kosher meals as reasonable accommodations because individual adherents of the Jewish faith have choices in which kosher supervision agency or rabbinic authority they follow—kosher for one may not be kosher for another.  Many Muslims believe wearing a hijab is a personal choice, yet the courts routinely find employers must accommodate a request that it be worn, without delving into whether the employee could simply choose not to wear one.

---

[1] Defendant cites a non-existent Local Rule 7.1.2 in support of the authorization to file such a supplemental memorandum.

This Court should not repeat the error of the *Mullen* decision that merely because a religious adherent's faith may allow them, upon spiritual reflection, to opt in or out of vaccination it is somehow converted into a secular decision.  While Plaintiff is mindful of the concern over so-called "limitless privileges", there is a limit—the accommodation requested must be a reasonable one.  AstraZeneca has not shown that opting out is unreasonable—it allows it for those with certain medical conditions or those whose faiths mandate no vaccine be taken.

The second error, thus, in *Mullen*, which this Court should not repeat, is determining that disparate treatment had not been sufficiently pleaded.  Mr. Whitehill's determination to not take the particular vaccine(s) in question is a religious determination.  Because the *Mullen* Court wrongly determined it was not, it also wrongly relied on that to find that there was no properly pleaded claim of disparate treatment.  Here, the Court should refuse to allow AstraZeneca to discriminate between adherents of those whose faiths mandate non-vaccination and those whose faiths allow, upon religious reflection, adherents to decline vaccination.[2]  AstraZeneca's logic would mean that, returning to the prior example, it may have to accommodate Orthodox Jews who request a kosher meal at a work function, but it could decline to accommodate Reform Jews, even if they personally wish to hold to strict kosher observance.  But, that would still be unlawful disparate treatment.

Thus, notwithstanding *Mullen*, the motion to dismiss should be denied.


Dated: January 30, 2024

Respectfully submitted,

*/s/ John C. Burns*
John C. Burns, #66462 (MO)
Burns Law Firm
P.O. Box 191250

---

[2] The third part of the *Mullen* decision addressed a retaliation claim, but Mr. Whitehill is no longer pursuing such a claim.

St. Louis, Missouri 63119
(314) 329-5040
john@burns-law-firm.com

*Attorneys for Plaintiff Thomas Whitehill*

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that on January 30, 2024**,** a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification to all counsel of record.

*/s/ John C. Burns*   
John C. Burns
