UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

---

**THOMAS WHITEHILL,**

          **Plaintiff,**

v.                                                                Civil Action No. 4:23-cv-01030

**ASTRAZENECA PHARMACEUTICALS LP,**

          **Defendant.**

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S PARTIAL MOTION TO DISMISS

Elizabeth Herrington
Thomas H. Severson (Pro Hac Vice)
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Dr., 28th Floor
Chicago, IL 60606
Tel: (312) 324-1000
Fax: (312) 324-1001
beth.herrington@morganlewis.com
tom.severson@morganlewis.com

Jocelyn R. Cuttino (Pro Hac Vice Forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739-3001
jocelyn.cuttino@morganlewis.com

Daniel Arnold Kadish (Pro Hac Vice)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6328
daniel.kadish@morganlewis.com

*Counsel for Defendant AstraZeneca Pharmaceuticals LP*

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1

II. PROCEDURAL HISTORY.................................................................................................. 2

III. PLAINTIFF'S ALLEGATIONS .......................................................................................... 3

IV. ARGUMENT......................................................................................................................... 4

    A. Rule 12(B)(6) Legal Standard................................................................................. 4

    B. Plaintiff's Age Discrimination Claim Fails Because He Has Not Identified and Cannot Identify Any Younger Employees Who Were Treated More Favorably ................................................................................................................ 5

    C. No Amendment Can Save Plaintiff's Age Discrimination Claim ......................... 7

V. CONCLUSION..................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................5

*Hager v. Ark. Dep't of Health*,
    735 F.3d 1009 (8th Cir. 2013) ................................................................................................7

*Jeude v. City of St. Louis*,
    No. 4:22-CV-989-MTS, 2023 WL 1070342 (E.D. Mo. Jan. 27, 2023) ...................................4

*Karnatcheva v. JPMorgan Chase Bank, N.A.*,
    704 F.3d 545 (8th Cir. 2013) ..................................................................................................4

*Menze v. Astera Health*,
    No. 23-CV-3901, 2024 WL 776773 (D. Minn. Feb. 26, 2024) ..............................................2

*Miller v. Costco Wholesale Corp.*,
    No. 6:22-CV-03262-RK, 2022 WL 17960766 (W.D. Mo. Dec. 27, 2022) .............................2

*Philip v. Ford Motor Co.*,
    413 F.3d 766 (8th Cir. 2005) ..................................................................................................5

*Ringhofer v. Mayo Clinic, Ambulance*,
    No. 23-2994, 2024 WL 2498263 (8th Cir. May 24, 2024) .....................................................2

*Sarasota Wine Mkt., LLC v. Parson*,
    381 F. Supp. 3d 1094 (E.D. Mo. 2019), *aff'd sub nom. Sarasota Wine Mkt., LLC v. Schmitt*,
    987 F.3d 1171 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 335 (2021) ......................................4

*Tusing v. Des Moines Indep. Cmty. Sch. Dist.*,
    639 F.3d 507 (8th Cir. 2011) ..................................................................................................5

*Unity Healthcare, Inc. v. County of Hennepin*,
    No. 14-CV-114 .......................................................................................................................5

*Wisdom v. First Midwest Bank, of Poplar Bluff*,
    167 F.3d 402 (8th Cir. 1999) ..................................................................................................7

**STATUTES**

ADEA ............................................................................................................................................5

Missouri Human Rights Act Section 213.010 ..............................................................................2

I.      INTRODUCTION

Plaintiff Thomas Whitehill claims that AstraZeneca should have granted his request for an accommodation to its COVID-19 vaccine mandate, which was implemented in the midst of the COVID-19 pandemic. Though Whitehill devoted the majority of his complaint to allegations regarding his religious discrimination claim, which is not subject to this partial motion to dismiss, he also included a few speculative assertions regarding alleged age discrimination. That claim fails and should be dismissed as Whitehill cannot show that there are any similarly situated employees who were treated differently than he was nor any other evidence demonstrating that his age was the "but-for" cause of any adverse action he experienced.

Whitehill does not, and he cannot, argue that the vaccine mandate was unlawful. Rather, he alleges that the mandate as applied to him constituted age discrimination and his sole factual assertion supporting this claim is that a younger employee was approved for an exemption to the vaccine mandate. Yet the complaint is devoid of any details that would suggest this purported comparator is actually similarly situated to Whitehill. Instead, the Petition includes two factual allegations about how different this person is from Whitehill in material respects, including: (i) they were willing to get tested against COVID-19—Whitehill's accommodation request clearly stated he was unwilling to undergo COVID-19 testing; and (ii) they went to a different church than Whitehill. The Petition did not include any details regarding this alleged comparator's identity, what their accommodation request actually stated and how it was similar to Whitehill's own request, or what job that individual performed. Nor does the petition state, because it cannot, that anyone involved in the actual decision to grant this comparator's request or deny Whitehill's request even knew what their ages were when reviewing their respective submissions.

Whitehill also states, in passing and only upon information and belief, that he was replaced by a younger worker. However, Whitehill again neglected to include any factual assertions regarding who that person was, whether they were vaccinated against COVID-19 or who made the decision to hire them.

1

The Petition confirms that AstraZeneca informed Whitehill he would need to get vaccinated to remain employed at AstraZeneca.  The Petition further states that after AstraZeneca denied his request for an accommodation to the vaccine mandate, it again informed him that it would separate his employment if he chose to remain unvaccinated.  Put simply, the Petition makes clear that Whitehill knew the consequences of not getting vaccinated and that, had he chosen to get vaccinated, he would not have lost his job.  These undisputed facts show that age cannot be the "but-for" cause of his termination.

Accordingly, because Whitehill's age discrimination claim rests entirely on allegations about individuals who cannot be deemed similarly situated comparators and he cannot show that age was the but-for reason for any adverse action he was subject to, his age discrimination claim cannot succeed and should be dismissed.

## II.     PROCEDURAL HISTORY

Whitehill's Petition originally contained eight causes of action.  Dkt. 6, Petition ("Pet.") ¶¶ 39-100.  AstraZeneca initially moved to dismiss all claims (Dkts. 13-14), and in response Whitehill withdrew all claims except for his claims for religious discrimination (Pet. ¶¶ 39-45) and age discrimination (Pet. ¶¶ 53-59), both of which allegedly arose under the Missouri Human Rights Act Section 213.010 et seq. (the "MHRA").  *See* Dkt. 21 at 2.  On May 30, 2024, this Court denied without prejudice AstraZeneca's motion to dismiss because of an Eighth Circuit reversal of an order dismissing religious discrimination claims against the Mayo Clinic.  *See* Dkt. 29; *Ringhofer v. Mayo Clinic, Ambulance*, No. 23-2994, 2024 WL 2498263 (8th Cir. May 24, 2024).  *Ringhofer* did not involve or discuss age discrimination, and thus AstraZeneca files this partial motion to dismiss seeking dismissal of Whitehill's age discrimination claim.[1]

---

[1] The filing of a motion to dismiss stays the deadline to answer even if the motion does not seek dismissal of all claims. *See Menze v. Astera Health*, No. 23-CV-3901 (KMM/LIB), 2024 WL 776773, at *1 (D. Minn. Feb. 26, 2024) ("When a defendant files a pre-answer motion to dismiss under Fed. R. Civ. P. 12(b), even one that challenges fewer than all the claims in complaint, the defendant's time to file an answer is extended until after the court rules on the motion."); *Miller v. Costco Wholesale Corp.*, No. 6:22-CV-03262-RK, 2022 WL 17960766, at *4 (W.D. Mo. Dec. 27, 2022) (collecting cases).

### III.    PLAINTIFF'S ALLEGATIONS[2]

In August 2021, AstraZeneca announced a requirement that all employees disclose their COVID-19 vaccination status.  Pet. ¶ 10.  Then, in January 2022, AstraZeneca implemented a COVID-19 vaccine mandate for all U.S. employees.  Pet. ¶ 12.  However, AstraZeneca explained that it would provide exemption opportunities for employees who could not get vaccinated due to a medical need or a sincerely held religious belief that conflicted with the vaccination requirement. Pet. ¶ 15.  Whitehill submitted a request for an exemption from the vaccination requirement claiming that he could not get vaccinated based on his religious beliefs.  Pet. ¶ 10, Exhibit 1.

>Whitehill's accommodation request stated:
>
>I am hereby invoking my religious right to exemption from taking the vaccine, and to the weekly asymptomatic Covid tests that are intrusive and unnecessary as per my deeply held religious beliefs.
>
>…
>
>Regular Covid testing could damage the body, and the substances in the test may possibly be harmful.
>
>…
>
>Submitting to ongoing weekly asymptomatic PCR testing would violate my sincerely held religious beliefs, and I am invoking my right to accommodation from taking the vaccine and weekly asymptomatic PCR testing. Because of my faith, and my deeply held Christian beliefs, for me to receive the COVID Vaccines and be subject to weekly asymptomatic PCR testing would cause me to violate these beliefs, and therefore would be in direct contrast with my deeply held Christian faith.
>
>…
>
>I have multiple hesitations, and clear concerns that being vaccinated, and submitting to ongoing weekly asymptomatic PCR testing would be a violation of my deeply held religious beliefs.

*Id*.

---

[2] AstraZeneca recounts the Petition's allegations as true only for purposes of this motion, and generally denies Whitehill's allegations of discrimination and other alleged wrongdoing.

3

AstraZeneca determined that Whitehill was not qualified for an accommodation and granted him additional time to get vaccinated in compliance with its requirements. Pet. ¶¶ 24-26. When Whitehill chose to remain unvaccinated, AstraZeneca terminated his employment on April 29, 2022. Pet. ¶ 30, Exhibit 1.

## IV.     ARGUMENT

Whitehill's age discrimination claim should be dismissed because the Petition does not include any facts demonstrating that age was the reason he was subject to any adverse action. Instead, the Petition demonstrates that AstraZeneca separated Whitehill because he chose to remain unvaccinated against COVID-19 despite a nationwide requirement that employees either get vaccinated or get approved for an accommodation.

### A.     Rule 12(B)(6) Legal Standard

Matters removed to federal court are governed by the federal pleading standard. *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must plead more than 'legal conclusions' and '[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements.'" *Jeude v. City of St. Louis,* No. 4:22-CV-989-MTS, 2023 WL 1070342, at *2 (E.D. Mo. Jan. 27, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim should be dismissed if the plaintiff cannot establish "a plausible claim for relief" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "A pleading that merely pleads labels and conclusions or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not suffice." *Sarasota Wine Mkt., LLC v. Parson*, 381 F. Supp. 3d 1094, 1099 (E.D. Mo. 2019), *aff'd sub nom. Sarasota Wine Mkt., LLC v. Schmitt*, 987

F.3d 1171 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 335 (2021).  Failure to state "a plausible claim for relief" should result in dismissal of the claims.  *See Iqbal*, 556 U.S. at 679.

> **B.** **Plaintiff's Age Discrimination Claim Fails Because He Has Not Identified and Cannot Identify Any Younger Employees Who Were Treated More Favorably**

"To make a prima facie showing of discrimination, [plaintiff] must prove that: (1) he is a member of a protected class; (2) he met the legitimate expectations of his employer; (3) he suffered an adverse employment action; and (4) similarly situated employees that were not members of the protected class were treated differently." *Philip v. Ford Motor Co.*, 413 F.3d 766, 768 (8th Cir. 2005).  "Under the fourth prong, [plaintiff] bears the burden to proffer specific, tangible evidence that employees who were similarly situated in all respects to him received different treatment from [the employer]." *Id.* (citations omitted).  Additionally, "[t]he Supreme Court [has] held that the ADEA requires a plaintiff 'to establish that age was the 'but-for' cause of the employer's adverse action.'" *Tusing v. Des Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 514 (8th Cir. 2011) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009)).

Whitehill identifies two purported comparators to support his age discrimination claim: (1) a "younger employee [who] was permitted to be tested for COVID-19 every week rather than get vaccinated for it," Pet. ¶ 28 (referred to herein as the "Testing Employee"), and (2) "a younger, less qualified employee" who allegedly replaced Whitehill, Pet. ¶ 35 (referred to herein as the "Replacement Employee").  Whitehill's reliance on alleged comparators to demonstrate that he was discriminated against based on his age is wholly deficient because he fails to allege any facts to show that the comparators were similarly situated with respect to how AstraZeneca's COVID-19 vaccine policy was applied.  *See Unity Healthcare, Inc. v. County of Hennepin*, No. 14-CV-114 JNE/JJK, 2015 WL 2097668, at *3 (D. Minn. May 5, 2015) ("[A] discrimination claim is subject

5

to dismissal when the complaint fails to allege facts tending to show that plaintiff was similarly situated to comparators *in the respects relevant to the lawsuit*.") (emphasis added).

Here, to be similarly situated in all relevant respects, Whitehill must, *at a minimum*, allege plausible facts suggesting that the purported Testing Employee made a similar accommodation request to AstraZeneca. Whitehill cannot do so. For the Testing Employee, Whitehill does not allege any facts about the content of their accommodation request, explain how their job was similar to Whitehill's, or explain how Whitehill knows that this individual had a substantially similar accommodation request. Further, Whitehill based his request on his own *personal* beliefs, and he recognized that his church's official position established that getting vaccinated was an individual choice for each member. Pet., Exhibit 1 ("I have a strong, sincere spiritual belief that, for me personally, receiving the Covid vaccine would violate my specific Christian worldview. My official church doctrinal position teaches that receiving or declining the Covid vaccine is matter of conscience for each individual covenant church member.").

Additionally, Whitehill's request makes clear that his religious views prohibited him from getting tested for COVID-19. *Id*. Yet he states that the Testing Employee was willing to undergo weekly testing, demonstrating a key difference between his own religious beliefs and accommodation request and the Testing Employee's. Pet. ¶ 28. The Petition also makes clear that the Testing Employee was not a member of Whitehill's church. In stark contrast to these clear factual assertions demonstrating significant differences between the Testing Employee and Whitehill, the Petition fails to allege any plausible factual allegations regarding the content of the Testing Employee's objection to the COVID-19 vaccine or his actual job. Therefore, Whitehill cannot show that the Testing Employee is similarly situated in *any* material respect, much less all respects. Whitehill's allegations regarding this putative comparator fail to demonstrate any evidence of age discrimination.

On the Replacement Employee, Whitehill does not allege any facts as to whether this person had an objection to AstraZeneca's COVID-19 vaccine mandate, any facts as to whether they requested an accommodation, or any plausible assertions regarding their age or qualifications. Whitehill's conclusory recitals fail to plausibly allege that either the Testing Employee or the Replacement Employee are similarly situated to him or otherwise establish an inference that he was subject to age discrimination. *See Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013) (dismissing gender discrimination because plaintiff's "conclusory assertion that she was discharged under circumstances similarly situated men were not imports legal language couched as a factual allegation and fails to raise a right to relief above the speculative level").

C. **No Amendment Can Save Plaintiff's Age Discrimination Claim**

Although courts will generally provide at least one chance to amend a defective complaint, leave to amend can be denied when there is no possibility that an amendment will save a meritless claim. *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999). Here, there is no amendment that could salvage Whitehill's claims. First, there is nothing that Whitehill could add to his pleading that will change the words used in his accommodation request. Whitehill alleges that AstraZeneca's denial of his request via email was final (Pet., ¶ 26), and he does not allege anywhere that he provided any additional information to AstraZeneca other than what was in his accommodation request. Thus, no amendment will change that AstraZeneca made its decision to deny Whitehill's accommodation request based solely on the information in that request or change the fact, which Whitehill concedes, that he clearly knew the consequence of failing to get vaccinated was termination of his employment.

Second, no amendment can change the fact that Whitehill's accommodation request definitively states that he was not willing to undergo weekly testing. Because Whitehill cannot plausibly plead that he was willing to undergo weekly testing, he likewise cannot plausibly plead

7

that he was similarly situated to Testing Employee who was willing to accept this alternative accommodation. Thus, any potential amendment that would identify Testing Employee is useless.

## V.     CONCLUSION

Because Whitehill has not, and cannot, establish that similarly situated employees who were not members of the protected class were treated differently than he was in all relevant respects or that age was the "but-for" cause of any adverse action he suffered, his age claim fails and the Court should dismiss the Petition's Third Claim for Relief.

Dated: June 14, 2024                                          Respectfully submitted,

*/s/ Elizabeth Herrington*
Elizabeth Herrington
Thomas H. Severson (Pro Hac Vice)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 324-1000
beth.herrington@morganlewis.com
tom.severson@morganlewis.com

Jocelyn R. Cuttino
(Pro Hac Vice Forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
(202) 739-3000
jocelyn.cuttino@morganlewis.com

Daniel Arnold Kadish (Pro Hac Vice)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6328
daniel.kadish@morganlewis.com

*Attorneys for Defendant AstraZeneca Pharmaceuticals LP*

8

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification to all counsel of record.

*/s/ Elizabeth Herrington*
Elizabeth Herrington