**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

---

**THOMAS WHITEHILL,**

                        **Plaintiff,**

**v.**                                         **Civil Action No. 4:23-cv-01030**

**ASTRAZENECA PHARMACEUTICALS**
**LP,**

                        **Defendant.**

---

**<u>REPLY IN SUPPORT OF DEFENDANT ASTRAZENECA
PHARMACEUTICALS LP'S PARTIAL MOTION TO DISMISS</u>**

Elizabeth Herrington
Thomas H. Severson (Pro Hac Vice)
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Dr., 28th Floor
Chicago, IL 60606
Tel: (312) 324-1000
Fax: (312) 324-1001
beth.herrington@morganlewis.com
tom.severson@morganlewis.com

Daniel Arnold Kadish (Pro Hac Vice)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6328
daniel.kadish@morganlewis.com

Jocelyn R. Cuttino (Pro Hac Vice
Forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739-3001
jocelyn.cuttino@morganlewis.com

*Counsel for Defendant AstraZeneca Pharmaceuticals LP*

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................ 1

II.     ARGUMENT .............................................................................................................. 1

    A.    AstraZeneca's Partial MTD Is Not "Procedurally Unfounded." ........................... 1

    B.    Plaintiff's Allegations Are Implausible and Conclusory ..................................... 2

        1.    Plaintiff's Age Discrimination Claim Is Implausible. ............................... 3

        2.    Plaintiff's Age Discrimination Claim Rests on Conclusory, Legal Assertions............................................................................................. 5

    C.    No Amendment Can Save Plaintiff's Age Discrimination Claim ........................ 8

III.    CONCLUSION............................................................................................................ 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abram v. Sohler*,
No. 8:22-CV-152, 2022 WL 3108101 (D. Neb. Aug. 4, 2022)................................3

*Ali v. PayPal, Inc.*,
No. 19-CV-00093-SVK, 2019 WL 11691431 (N.D. Cal. July 26, 2019), *aff'd*,
804 F. App'x 686 (9th Cir. 2020) ............................................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).........................................................5, 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).........................................................5, 7

*Boner v. Bd. of Comm'rs of Little Rock Mun. Water Works*,
674 F.2d 693 (8th Cir. 1982) ...............................................5

*Carter v. Douglas Cnty., Nebraska*,
No. 8:22-CV-422, 2023 WL 3689527 (D. Neb. May 26, 2023) ...............................7

*CTE Invs., LLC v. Zweifel*,
No. 2:13-CV-04204-NKL, 2014 WL 1292245 (W.D. Mo. Mar. 31, 2014) ...........................8

*Furnco Const. Corp. v. Waters*,
438 U.S. 567 (1978).........................................................5

*Hager v. Arkansas Dep't of Health*,
735 F.3d 1009 (8th Cir. 2013) ...............................................6, 7

*Jones v. Douglas Cnty. Sheriff's Dep't*,
915 F.3d 498 (8th Cir. 2019) ...............................................7

*MDKC, LLC v. City of Kansas City*,
No. 4:23-CV-00395-DGK, 2023 WL 6406403 (W.D. Mo. Oct. 2, 2023) ...............................3

*Riley v. Lance, Inc.*,
518 F.3d 996 (8th Cir. 2008) ...............................................5

*Swierkiewicz v. Sorema N. A.*,
534 U.S. 506 (2002).........................................................5, 6, 7

*Weaver v. Hobbs*,
No. 2:13-CV-00048-SWW, 2013 WL 6634005 (E.D. Ark. Dec. 17, 2013) ...........................8

*Wheeler v. Aventis Pharms.*,
    360 F.3d 853 (8th Cir. 2004), *abrogated by Torgerson v. City of Rochester*,
    643 F.3d 1031 (8th Cir. 2011) ............................................................................5

*Williams v. First Nat'l Bank of St. Louis*,
    No. 4:14CV01458 ERW, 2014 WL 5800199 (E.D. Mo. Nov. 7, 2014) .................................4

*Young v. Builders Steel Co.*,
    754 F.3d 573 (8th Cir. 2014) ............................................................................5

**Other Authorities**

Federal Rule of Civil Procedure 12(g)(2) ........................................................................1

## I.    INTRODUCTION

Plaintiff's age discrimination claim rests entirely on his allegation that AstraZeneca allowed a younger employee to undergo weekly COVID-19 testing as an accommodation but denied that accommodation to Plaintiff.  However, Plaintiff's accommodation request form makes it unambiguously clear that Plaintiff was unwilling to engage in ongoing COVID-19 testing. Recognizing the fatal defect in his claim, Plaintiff now argues that AstraZeneca should have known that if it had provided Plaintiff with an "opportunity" for "further reflection," Plaintiff would have realized that his religious beliefs did not preclude weekly COVID-19 testing, which would then make him similarly situated to the younger employee.  Of course, this allegation is nowhere in the Petition.  And even if it was, employers are allowed to take their employees at their word when it comes to whether a particular accommodation is acceptable.  AstraZeneca has no duty to assume that employees mean something different than what they say; requiring otherwise would render the interactive process meaningless.  As detailed below, Plaintiff's age discrimination claim is both (i) implausible and (ii) premised on conclusory legal statements.  For these reasons, as set out in further detail below, and for the reasons set forth in AstraZeneca's Partial Motion to Dismiss (Dkts. 30-31, "Partial MTD"), the Court should dismiss Plaintiff's age discrimination claim with prejudice.

## II.    ARGUMENT

### A.    AstraZeneca's Partial MTD Is Not "Procedurally Unfounded."

Plaintiff argues that AstraZeneca's Partial MTD is prohibited by Federal Rule of Civil Procedure 12(g)(2), which states "…a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  *See* Dkt. 32 (Plaintiff's Opposition to AstraZeneca's Partial MTD "the Opposition"), 3-4.  By its unambiguous text, this rule only bars raising a defense in a

subsequent motion to dismiss that was omitted from an earlier motion to dismiss. Because AstraZeneca's initial motion to dismiss indisputably raised the defense that the Petition failed to set forth a viable age discrimination claim, *see* Dkt. 14, 1, 9-10; Dkt. 25, 8-10, this rule is plainly inapplicable.[1]

Plaintiff also asserts that AstraZeneca "argues the Age Discrimination claim is untenable because Mr. Whitehill also pleaded discrimination on the basis of religion." Opp., 4. Nowhere did AstraZeneca argue that Plaintiff's age discrimination claim fails *because* he also pleads a religious discrimination claim, or that religious and age discrimination claims cannot co-exist. As in AstraZeneca's Partial MTD and this submission, Plaintiff's inability to state an age discrimination claim is unrelated to his religious discrimination claim, which is not subject to this motion.

Plaintiff also opines that the denial of a motion without prejudice is not an invitation to refile the motion. *See* Opp., 3-4. But no authority supports this proposition: denying a motion with prejudice precludes refiling a similar motion; denying a motion without prejudice does not. Moreover, the Court's order denying AstraZeneca's motion to dismiss without prejudice (Dkt. 29) did not rule on or in any way address Plaintiff's age discrimination claim. In reviewing the current motion, the Court will not be revisiting any arguments about the viability of that claim. Accordingly, AstraZeneca's Partial MTD is procedurally sound.

### B.    Plaintiff's Allegations Are Implausible and Conclusory

Plaintiff's merits arguments can be divided into two components: (i) that his age discrimination claim is plausible because if AstraZeneca provided Plaintiff the opportunity for "further reflection," Plaintiff would have decided that despite his statements to the contrary, his

---

[1] Plaintiff's opposition brief specifically acknowledges that AstraZeneca "did raise an objection to the age discrimination claim in its prior motion." Opp., 3 n.2.

religious beliefs did not actually preclude weekly COVID-19 testing; and (ii) he has pled more than vague, conclusory statements to support his age discrimination claim.[2]  Both arguments fail.

### 1.    Plaintiff's Age Discrimination Claim Is Implausible.

Plaintiff attempts to argue that his accommodation request (which expressly rejected weekly COVID-19 testing as a potential accommodation request) was similarly situated to the Testing Employee's[3] accommodation request because, had AstraZeneca given Plaintiff an opportunity for "further reflection," Plaintiff would have decided that his religious beliefs did not ultimately preclude weekly COVID-19 testing.  Opp., 5.  According to Plaintiff, "[j]ust as the mRNA vaccine is not a one-shot deal, neither should this process have been." *Id.*, 5-6.  First, Plaintiff cannot add allegations in his Opposition that are omitted from his Petition. *See Abram v. Sohler*, No. 8:22-CV-152, 2022 WL 3108101, at *3 (D. Neb. Aug. 4, 2022) ("[W]hat matters when ruling on a motion to dismiss is the factual allegations in the complaint, not the plaintiff's arguments in opposing a motion"). As Plaintiff's Petition does not include this allegation, this argument fails from the start.

Second, Plaintiff presents no authority, legal or otherwise, to support the proposition that AstraZeneca must double check Plaintiff's own words about what he is willing and unwilling to do.  Plaintiff's accommodation request made it unambiguously clear that he was unwilling to engage in weekly COVID testing, and Plaintiff does not contest otherwise.  When signing his accommodation form, Plaintiff specifically verified that the information he submitted was

---

[2] The Petition contains an allegation that "[u]pon information and belief, Defendant replaced Plaintiff with a younger, less qualified employee." Pet. at ¶ 35.  In its moving papers, AstraZeneca addressed why the allegations related to the Replacement Employee were insufficient to set forth a viable age discrimination claim.  *See* Partial MTD, 5-7. Plaintiff does not address the Replacement Employee in his Opposition, thereby waiving any argument that this allegation can save his age discrimination claim. *See MDKC, LLC v. City of Kansas City*, No. 4:23-CV-00395-DGK, 2023 WL 6406403, at *4 (W.D. Mo. Oct. 2, 2023) ("Plaintiffs' response in opposition to the motion to dismiss is so threadbare in defense of some of the counts that Plaintiffs have effectively waived any argument on these counts.").
[3] Unless otherwise defined, the defined terms used herein have the same meaning as used in AstraZeneca's Partial MTD.

3

complete and accurate to the best of his knowledge.  Pet., Ex. 1, pg. 2.  Instead, Plaintiff claims, without any supporting authority, that it was somehow incumbent upon AstraZeneca to know that Plaintiff would eventually change his mind and decide he was willing to undergo weekly testing. AstraZeneca is aware of no authority requiring an employer during the interactive process to repeatedly confirm whether the employee means what they say or continue to confirm whether an already rejected accommodation remains rejected.  Such a rule would be irrational and transform the interactive process into a never-ending circle in which the employer must ask "are you sure?" in response to each statement an employee made as part of the review process.  It also ignores the commonsense reality that if Plaintiff did indeed change his mind about what accommodations he was willing to consider, he should have just told AstraZeneca.[4]

Thus, the Court should disregard Plaintiff's allegation that at some unidentified time, in some unidentified manner, and (presumably, although not asserted in the Petition) to some unidentified AstraZeneca representative, he supposedly "expressed his willingness to do weekly testing in lieu of vaccination" (Pet. ¶ 23) because that is directly contradicted by the documents on which his Petition relies. *See Williams v. First Nat'l Bank of St. Louis*, No. 4:14CV01458 ERW, 2014 WL 5800199, at *4 (E.D. Mo. Nov. 7, 2014); *see also Ali v. PayPal, Inc.*, No. 19-CV-00093-SVK, 2019 WL 11691431, at *7-8 (N.D. Cal. July 26, 2019) (dismissing with prejudice failure-to-accommodate claim because the communications reflecting the accommodation request, which were attached to the complaint, contradicted the allegations in the complaint), *aff'd*, 804 F. App'x

---

[4] AstraZeneca denies that it failed to engage in the interactive process in any way, but even if it did, such a failure would not give rise to an age discrimination claim.  To state an age discrimination claim based on AstraZeneca's alleged failure to allow Plaintiff time to reflect, Plaintiff would have to allege AstraZeneca provided the Testing Employee with an opportunity for further reflection after the Testing Employee expressly stated that he would not undergo weekly testing in his accommodation request.  Then, there may be some inference that AstraZeneca did not offer Plaintiff the opportunity for further reflection *because of* Plaintiff's age.  But without that allegation, even if AstraZeneca should have provided Plaintiff an opportunity to reflect upon whether he truly meant what he wrote in his accommodation request (which, of course, AstraZeneca denies) there is no allegation or other reason to infer that AstraZeneca's decision not to offer this opportunity was in any way tied to Plaintiff's age.

686 (9th Cir. 2020). And without that self-serving and implausible allegation, Plaintiff's age discrimination claim fails.

2. Plaintiff's Age Discrimination Claim Rests on Conclusory, Legal Assertions.

Even if Plaintiff's age discrimination allegations are deemed plausible, they do not meet the pleading standards set forth in *Twombly* and *Iqbal*.[5] Plaintiff principally relies on two cases to argue his allegations are sufficient.[6] Plaintiff argues that his allegations meet the pleading standard set forth in *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002). Opp., 7. But *Swierkiewicz* pre-dates *Iqbal/Twombly* which weakens any reliance on it for the pleading standard. More acutely, however, the pleading that *Swierkiewicz* deemed sufficient contained several key, factual allegations missing from Plaintiff's Petition. For example the *Swierkiewicz* plaintiff (i) identified the purported comparators by name and title, (ii) compared the years of experience in a specific field for himself and the comparators; (iii) alleged that when one comparator was given a promotion he wanted, the defendant-employer's CEO remarked that he wanted to "energize" the

---

[5] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[6] Plaintiff references other cases throughout his Opposition that are inapplicable or inapposite to his argument, including:

- *Riley v. Lance, Inc.*, 518 F.3d 996, 999 (8th Cir. 2008) is a summary judgment case in which the Eighth Circuit affirmed summary judgment for the employer against an age discrimination claim. *See* Opp., 5.
- In *Boner v. Bd. of Comm'rs of Little Rock Mun. Water Works*, 674 F.2d 693, 694 (8th Cir. 1982), the Eighth Circuit affirmed a district court judgment that the employee-plaintiff had failed to establish a prima face case of race discrimination. *See* Opp., 5.
- In *Furnco Const. Corp. v. Waters*, 438 U.S. 567, 569 (1978), the Supreme Court reversed a Seventh Circuit decision for the plaintiff-employee in a Title VII race discrimination case. *See* Opp., 5.
- In *Wheeler v. Aventis Pharms.*, 360 F.3d 853, 858 (8th Cir. 2004), *abrogated by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011), the Eighth Circuit granted summary judgment to the employer-defendant against race discrimination claims in part because the purported comparator identified by the plaintiff-employee was not similarly situated: "We find that Conrad and Wheeler were not similarly situated because their offenses differed substantially… Aventis was not obligated to treat the two behaviors as substantially similar because they involved objectively different conduct." *See* Opp., 5.
- In *Young v. Builders Steel Co.*, 754 F.3d 573, 578 (8th Cir. 2014), the Eighth Circuit granted summary judgment to the employer-defendant against race discrimination claims in part because the purported comparator identified by the plaintiff-employee was not similarly situated: "Young cannot show he was similarly situated "in all relevant respects" to any of the other Wage Group 3 employees because he cannot show he could perform their jobs." *See* Opp., 6.

5

department (which suggested that plaintiff was too old for the job), (iv) identified multiple discrete instances when a less experienced comparator was given a job over himself; and (v) alleged that five specific comparators who were given severance packages that the company did not offer to the plaintiff.  *See* Akos SWIERKIEWICZ, Petitioner, v. SOREMA N.A., Respondent., No. 00-1853, 2001 WL 34093952 (U.S. Nov. 16, 2001), 5a-10a, ¶¶ 11-40; *see also Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013) ("In *Swierkiewicz*, the complaint for age and nationality discrimination alleged: the plaintiff was demoted and replaced by a younger employee of the employer's nationality; the replacement was inexperienced; in promoting the younger, inexperienced employee, the employer wanted to 'energize' the department; the employer excluded and isolated plaintiff from business decisions and meetings; plaintiff sent a memo outlining his grievances and tried to meet with the employer to discuss his discontent; and plaintiff was fired.").

By contrast, Plaintiff did not, as he cannot, allege any of these basic factual details in his Petition.  He alleges only that a 33-year-old employee who belonged to a different church but still submitted a "substantially similar" religious accommodation request was permitted to undergo weekly COVID-19 testing while Plaintiff was not.  Pet. ¶¶ 28-29.  He asserts no facts allowing the court to infer whether the Testing Employee is similarly situated to Plaintiff: he does not identify the Testing Employee's title, experience, department, supervisor, location, name, relevant decision-maker that reviewed the accommodation request, or any details other than he or she was 33 years old.  Plaintiff asserts no facts allowing the court to infer whether the accommodation request submitted by the Testing Employee was substantially similar to Plaintiff's accommodation request because the Petition contains zero detail as to the context of the Testing Employee's accommodation request, whether the Testing Employee expressed his willingness to undergo

weekly testing in the accommodation request, etc.  Thus, Plaintiff's Petition fails to meet the pleading standard set forth in *Swierkiewicz*.

Plaintiff also argues that his allegations are more robust than those set forth in *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009 (8th Cir. 2013) where the plaintiff alleged only that "(1) she 'is a victim of gender discrimination;' and (2) she 'was discharged under circumstances summarily [sic] situated nondisabled males ... were not.'"  *Hager*, 735 F.3d at 1015.  Read most favorably to Plaintiff, he at most alleges he was a victim of age discrimination because his accommodation request was denied when a younger employee's similarly situated accommodation request was approved.  The key underpinning in *Hager* that controls the outcome here is that a plaintiff must allege some facts to support how a purported comparator is similarly situated; merely labeling one as such, without providing any supporting factual detail, is precisely the conclusory allegations that fall short of *Iqbal* and *Twombly.  See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotation omitted).

The Eight Circuit and courts within it consistently hold that simply describing a comparator as "substantially similar" without providing any factual allegations to support that conclusion fails to satisfy the pleading requirement.  *See Jones v. Douglas Cnty. Sheriff's Dep't*, 915 F.3d 498, 500 (8th Cir. 2019) ("[Plaintiff] alleges that—on information and belief—'the open position was filled with a male candidate.'  [Plaintiff] did not plead any facts showing that candidate was similarly situated or went through a reinstatement process.  Her threadbare allegation does not survive a motion to dismiss."); *Carter v. Douglas Cnty., Nebraska*, No. 8:22-CV-422, 2023 WL 3689527, at *5 (D. Neb. May 26, 2023) ("The Amended Complaint does not explain if the other employees held similar positions to Carter's, engaged in similar conduct, dealt with Ewing, or even if they

were of different sexes or races than her.  Her allegation 'upon information and belief' that she was the only employee who received a Developmental Plan that ultimately led to her termination does not plausibly suggest disparate treatment based on a protected characteristic."); *CTE Invs., LLC v. Zweifel*, No. 2:13-CV-04204-NKL, 2014 WL 1292245, at *3 (W.D. Mo. Mar. 31, 2014) ("In this case, [plaintiff] simply presumes that gender motivated the denial of its application without providing any allegations to support such an inference.  Consequently, [plaintiff's] Amended Complaint fails to state a claim for unlawful discrimination."); *Weaver v. Hobbs*, No. 2:13-CV-00048-SWW, 2013 WL 6634005, at *2 (E.D. Ark. Dec. 17, 2013) (race and gender discrimination claims fail because plaintiff "does not allege any fact suggesting that either defendant had any role in decisions pertaining to the other employees, she does not identify allegedly comparable employees by name, position, or job duty, does not identify the circumstances under which they were disciplined differently, does not describe the time frame within which the events occurred, and does not name the decision makers involved."). Accordingly, plausibility aside, Plaintiff's age discrimination claim is premised on legal conclusions rather than factual assertions, and thus should be dismissed.

### C.    No Amendment Can Save Plaintiff's Age Discrimination Claim

Plaintiff asserts that, if given the chance, he could amend his Petition to "a) provide more information on his willingness to have undergone weekly testing; and b) provide more information on the similarly-situated younger employee who is of a different religious background."  Opp., 8. The request to amend should be denied.  First, there is nothing that Plaintiff could add to his pleading that will change the words used in his accommodation request.  Plaintiff alleges that AstraZeneca's denial of his request via email was final (Pet., ¶ 26) and he does not allege anywhere that he provided any additional information to AstraZeneca other than what was in his accommodation request.  Thus, no amendment can change the fact that Plaintiff's accommodation

request makes clear that he was unwilling to undergo weekly testing and he did not provide any additional information to AstraZeneca at the time it made the decision to terminate Plaintiff's employment.  Second, because Plaintiff cannot plausibly plead that he was willing to undergo weekly testing, he likewise cannot plausibly plead that he was similarly situated to the Testing Employee who was willing to accept this alternative accommodation.  Thus, any amendment providing more information about the Testing Employee would be futile.

### III.    CONCLUSION

Plaintiff fails to set forth plausible, factual allegations in support of his age discrimination claim, and thus it should be dismissed.

Dated: July 22, 2024

Respectfully submitted,

*/s/ Thomas H. Severson*
Elizabeth Herrington
Thomas H. Severson (Pro Hac Vice)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 324-1000
beth.herrington@morganlewis.com
tom.severson@morganlewis.com

Jocelyn R. Cuttino
(Pro Hac Vice Forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
(202) 739-3000
jocelyn.cuttino@morganlewis.com

Daniel Arnold Kadish (Pro Hac Vice)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6328
daniel.kadish@morganlewis.com

*Attorneys for Defendant AstraZeneca*
*Pharmaceuticals LP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2024**,** a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification to all counsel of record.


<u>/s/ Thomas H. Severson</u>
Thomas H. Severson