UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS WHITEHILL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 4:23-cv-1030-MTS |
| ASTRAZENECA PHARMACEUTICALS LP, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

Before the Court is Defendant AstraZeneca Pharmaceuticals LP's Partial Motion to Dismiss, Doc. [30]. Plaintiff Thomas Whitehill filed his Petition in the Circuit Court of Saint Charles County, in the state of Missouri. *See* Doc. [6]. Plaintiff removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Doc. [1] at 1. After Defendant's removal, Defendant filed its Motion to Dismiss, Doc. [13], which the Court denied without prejudice. Defendant then filed the instant Motion. For the reasons to follow, the Court will grant Defendant's Motion.

**I.     Background**

In August of 2021, Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") implemented a policy requiring its employees to test, on a weekly basis, for the virus that causes COVID-19, and the following year, in January 2022, Defendant required all employees to receive a COVID-19 mRNA vaccination. Doc. [6] ¶¶ 10, 12. Defendant further required employees to provide proof of vaccination by March 31, 2022, or face termination without severance pay. *Id*. ¶ 13. However, Defendant also allowed employees to apply for a medical or religious examination that, if granted, would allow for continued weekly testing in lieu of vaccination. *Id*. ¶¶ 15-16.

Plaintiff Thomas Whitehill is a member of the Peine Ridge Reformed Baptist Church and timely submitted an application seeking exemption from the vaccine claiming that his religious beliefs precluded him from being vaccinated. *Id.* ¶¶ 4, 19-22. At that time, Plaintiff also objected to weekly testing, but in his Complaint, Plaintiff "expressed his willingness" to undergo weekly testing in lieu of the vaccine. *Id.* ¶ 23. On March 31, 2022, Defendant rejected Plaintiff's request and concluded Plaintiff was "not qualified." Defendant further concluded that accepting Plaintiff's request would cause "undue hardship." *Id.* ¶¶ 24-25.

Plaintiff had worked for Defendant AstraZeneca as manager of its Renal Metabolic Specialty Sales Team and had been employed for nearly twenty-five years before his alleged wrongful termination on April 29, 2022. *Id.* ¶¶ 8-9, 26. At the time of his termination, Plaintiff was fifty-six-years old. *Id.* ¶ 2. However, Plaintiff alleges that Defendant approved a "substantially similar" accommodation request from an unnamed 33-year-old employee, who was permitted to continue weekly testing for COVID-19. *Id.* ¶ 28.

On May 28, 2022, Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR"), which issued Plaintiff a Right to Sue Letter on March 27, 2023. *Id.* ¶¶ 31, 36. Plaintiff opted to pursue his right and filed this action alleging eight claims for relief under the Missouri Human Rights Act, *see* Mo. Rev. Stat. § 213.010 *et seq.*, but now only pursues his claims for religious and age discrimination. Defendant seeks dismissal of the age discrimination claim.

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the Court assumes a complaint's factual allegations are true and makes all reasonable inferences in favor of the nonmoving party, but the Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions

drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). To survive a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims, and the claims cannot rest on mere speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility of a complaint turns on whether the facts alleged allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III.   Discussion[1]

Plaintiff has failed to plausibly allege a prima facie case of age discrimination. When a plaintiff "has no direct evidence of [age] discrimination, his claims are analyzed under the familiar burden shifting scheme of *McDonnell Douglas Corp. v. Green*." *See Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 856 (8th Cir. 2012) (referencing *McDonnell Douglas Corp.*, 411 U.S. 792 (1973)). Under the *McDonnell Douglas* framework, a presumption of discrimination is created when the

---

[1] Plaintiff argues at the outset that Defendant's Motion is "[p]rocedurally [u]nfounded" based on Federal Rule of Civil Procedure 12(g)(2) which states: "a party that makes a motion under this rule must not make another . . . raising a defense or objection that was available to the party but omitted from its earlier motion." *See* Doc. [32] at 3; Fed. R. Civ. P. 12(g)(2). However, no such omission is present because Defendant's prior Motion to Dismiss, Doc. [13], requested dismissal of Plaintiff's age discrimination claim and presented arguments in support of such requests.

plaintiff meets his burden of establishing a prima facie case of employment discrimination. *Young v. Builders Steel Co.*, 754 F.3d 573, 577 (8th Cir. 2014). To establish a prima facie case of age discrimination, the plaintiff must show he was (1) a member of a protected class, (2) qualified for his position when he was terminated, (3) terminated, and (4) his "discharge occurred in circumstances giving rise to the inference of unlawful discrimination." *Riley v. Lance, Inc.*, 518 F.3d 996, 1000 (8th Cir. 2008) (quoting *Arnold Nursing & Rehab. Ctr. at Good Shepherd, LLC*, 471 F.3d 843, 845 (8th Cir. 2006)). The only factor at issue is whether a discharge occurred in circumstances giving rise to the inference of unlawful discrimination.

    A plaintiff may present an inference of discrimination by showing that an employer (1) failed to follow its own policies, (2) treated similarly situated employees in a disparate manner, or (3) shifted its explanation of the employment decision. *See Young*, 754 F.3d at 578. It is true that under *Swierkiewicz v. Sorema N.A.*, a plaintiff need not plead facts establishing a prima facie case of discrimination under *McDonnell Douglas* in order to defeat a motion to dismiss. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (referencing *Swierkiewicz*, 534 U.S. 506, 510 (2002)). "In *Twombly*, the Supreme Court stated that *Swierkiewicz* did not change the law of pleading." *Hager*, 735 F.3d at 1014; *Twombly*, 550 U.S. at 569. "Rather, courts need . . . only enough facts to state a claim for relief that is plausible on its face." *Hager*, 735 F.3d at 1014 (quoting *Twombly*, 550 U.S. at 569-70). Here, Plaintiff has failed to plausibly allege such facts beyond mere conclusions.

    Plaintiff argues that a 33-year-old employee (the "comparator")—who submitted a "substantially similar accommodation request"—was allowed a weekly COVID-19 PCR testing accommodation, but Plaintiff was not. Doc. [6] ¶ 28. Plaintiff has alleged that he "expressed his willingness to do weekly testing," but he does not say to whom he expressed this willingness. And looking at Plaintiff's own accommodation request tells a different story. *Id.* ¶ 23. In his accommodation request, attached to the Complaint as Exhibit 1, Plaintiff repeatedly requested to be

4

"exempt[]" from "the weekly asymptomatic Covid tests" and "to continue work . . . without weekly asymptomatic PCR testing." *See* Doc. [6-1] at 4.  What is more, Plaintiff fails to allege any details on the comparator's request.  Plaintiff also only alleges in a conclusory fashion that the comparator was a "less qualified employee." Doc. [6] ¶ 35.  To show an inference of discrimination, the comparator employee must be "similarly situated in all relevant respects." *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 435 (8th Cir. 2016) (quoting *Young*, 754 F.3d at 578).  Plaintiff has failed to "allege facts showing that similarly situated employees were treated differently." *Hager*, 735 F.3d at 1015.  That is to say, "[a]s between that 'obvious alternative explanation'" for the disparate treatment and "the purposeful, invidious discrimination [Plaintiff] asks [the Court] to infer, discrimination is not a plausible conclusion." *Iqbal*, 556 U.S. at 682 (quoting *Twombly*, 550 U.S. at 567).  As such, the Court will grant Defendant's Motion.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant AstraZeneca Pharmaceuticals LP's Partial Motion to Dismiss, Doc. [30], is **GRANTED**.  Plaintiff's claim for age discrimination is **DISMISSED**.

Dated this 13th of August 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

5