**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

---

**THOMAS WHITEHILL,**

                **Plaintiff,**

v.                                 **Civil Action No. 4:23-cv-01030**

**ASTRAZENECA PHARMACEUTICALS LP,**

                **Defendant.**

---

## DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S ANSWER TO PLAINTIFF'S PETITION AND OTHER DEFENSES

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca" or "Defendant"), pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answers the allegations contained in the Petition (Dkt. 6) filed by Plaintiff Thomas Whitehill ("Whitehill" or "Plaintiff"), as limited by Plaintiff's withdrawal of his Second, Fourth, Fifth, Sixth, Seventh, and Eighth Claims for Relief (*see* Dkt. 21 at 2, the "Withdrawal") and the Court's order of August 13, 2024, dismissing Plaintiff's Third Claim for Relief (Dkt. 36, the "Order"),[1]  This Answer does not include responses to any headings or subheading.  To the extent any of the headings or subheadings in the Petition contain factual averments, AstraZeneca denies those allegations.  AstraZeneca states as follows.

### GENERAL DENIAL

Defendant denies each and every allegation of the Petition not specifically admitted herein.

---

[1] Pursuant to the Withdrawal and the Order, Plaintiff only has one remaining claim: his First Claim for Relief alleging religious discrimination under the Missouri Human Rights Act, Section 312.010 et seq.

## PARTIES, VENUE, AND JURISDICTION[2]

1.      Plaintiff Whitehill's date of birth is February 15, 1966.

**RESPONSE:**    Defendant lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph.  Moreover, Plaintiff has withdrawn his Second, Fourth, Fifth, Sixth, Seventh, and Eighth Claims for Relief, *see* Withdrawal at 2, and the Court has dismissed Plaintiff's Third Claim for Relief, *see* Order at 5.  Therefore, no response to allegations or portions thereof unrelated to Plaintiff's religious discrimination claim under the Missouri Human Rights Act, Section 312.010 et seq., is required.

2.      On April 29, 2022, Mr. Whitehill was 56 years old.

**RESPONSE:**    Defendant lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph.  Moreover, Plaintiff's only remaining viable claim is his religious discrimination claim; because these allegations or portions thereof are unrelated to Plaintiff's religious discrimination claim, no response is required.

3.      He is a white, Caucasian, adult male and is and was at all relevant times a believer in Jesus Christ.

**RESPONSE:**    Defendant admits that Plaintiff identifies as and appears to be a white Caucasian, adult male.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph, and therefore denies the remaining allegations in this Paragraph.  Moreover, Plaintiff's only remaining viable claim is his religious discrimination claim; because these allegations or portions thereof are unrelated to Plaintiff's religious discrimination claim, no response is required.

---

[2] The Petition contains various headings and/or subheadings.  Defendant does not consider these to be substantive allegations to which a response is required.  However, to the extent that a responsive pleading is required, Defendant denies any and all allegations within any such heading or sub-heading.  Additionally, the allegations are copied verbatim from the Petition, inclusive of any typographical errors in the Petition.

4.    Mr. Whitehill is a member of Peine Ridge Reformed Baptist Church.

**RESPONSE:**    Defendant admits that when Plaintiff submitted his request for an exemption to Defendant's vaccine mandate in approximately February 2022, Plaintiff purported to be a member of the Peine Ridge Reformed Baptist Church.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 4, and therefore denies the remaining allegations in Paragraph 4.

5.    Defendant AstraZeneca Pharmaceuticals, LP ("Defendant" or "AZ") is a limited partnership organized under the laws of the State of Delaware.

**RESPONSE:**    Admitted.

6.    This claim arose in Saint Charles County, State of Missouri where Plaintiff worked for Defendant at all relevant times, and where Plaintiff was discriminated against, retaliated against, and terminated by Defendant.

**RESPONSE:**    Defendant admits that Plaintiff worked for Defendant from approximately December 23, 1996 to April 29, 2022 and that Plaintiff was based in Missouri.  Defendant denies any remaining allegations in this Paragraph.

7.    Venue is proper in this Court pursuant to Mo. Rev. Stat. § 508.010.4 in that Plaintiff's claim arose in Saint Charles County, Missouri.

**RESPONSE:**    This Paragraph asserts legal conclusions that require no response.  To the extent a response is required, Defendant admits that venue is proper in this district.  Defendant denies any remaining allegations in this Paragraph.

## FACTS

8.    Mr. Whitehill worked for Defendant AZ for nearly 25 years until his wrongful termination on April 29, 2022.

**RESPONSE:**    Defendant admits that Plaintiff worked for Defendant from approximately December 23, 1996 to April 29, 2022 and that it terminated his employment effective April 29, 2022.  Defendant denies any remaining allegations in this Paragraph.

3

9.    At the time of his termination, AZ employed Mr. Whitehill as the manager of its Renal Metabolic Specialty Sales Team.

**RESPONSE:**    Denied.  Answering further, Plaintiff's title at the time of his termination was Executive District Sales Manager (Diabetes Specialty).

10.    In August of 2021, AZ began requiring its employees to submit to testing for COVID-19 infection on a weekly basis.

**RESPONSE:**    Defendant admits that in August 2021, it made announcements related to its COVID-19 vaccine mandate for U.S. employees.  The remaining allegations in this Paragraph purport to characterize a written document that speaks for itself, and Defendant denies those allegations to the extent they mischaracterize and do not fully represent the written document. Defendant denies the remaining allegations in this Paragraph.

11.    Mr. Whitehill was tested weekly for the virus and submitted his test results to AZ from August 27, 2021 until his unlawful termination on April 29, 2022.

**RESPONSE:**    Defendant denies that Plaintiff's termination was unlawful.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph, and therefore denies the remaining allegations in this Paragraph.

12.    In January of 2022, AZ announced what it described as a "100% COVID vaccination policy" for its United States division and that all employees would need to receive a COVID-19 mRNA vaccination for continued employment.

**RESPONSE:**    Defendant admits that on or about January 2022, it made announcements related to its COVID-19 vaccine mandate for U.S. employees.  The remaining allegations in this Paragraph purport to characterize written documents that speak for themselves, and Defendant denies those allegations to the extent they mischaracterize and do not fully represent the written documents.  Defendant denies the remaining allegations in this Paragraph.

13.    Employees that could not show proof of vaccination by March 31, 2022 would have their employment terminated with no severance pay.

**RESPONSE:**    Denied.

4

14.     However, this new policy had exceptions.

**RESPONSE:**     The allegations in this Paragraph are vague and ambiguous as to "exceptions."  Answering further, Defendant's COVID-19 vaccine mandate for U.S. employees allowed employees to request an exemption through the reasonable accommodations process or pursuant to applicable state law.  Defendant denies any remaining allegations in this Paragraph.

15.     On February 10, 2022, AZ informed employees that they could apply for medical or religious exceptions to the vaccination policy.

**RESPONSE:**     Defendant admits that its COVID-19 vaccine mandate for U.S. employees provided information to employees on how to apply for medical and religious accommodations or an exemption under applicable state law and that this information was communicated to its employees in February 2022.  Defendant denies any remaining allegations in this Paragraph.

16.     If AZ approved the exemption request, the exempted employee could be tested for COVID-19 weekly in lieu of receiving the mRNA vaccination.

**RESPONSE:**     Defendant admits that certain employees applied for and were granted an accommodation to Defendant's COVID-19 vaccine mandate for U.S. employees that allowed for weekly COVID-19 testing.  Defendant denies any remaining allegations in this Paragraph.

17.     On February 15, AZ sent its employees an email with instructions on how to complete a "Religious Accommodation Request Form."

**RESPONSE:**     Defendant admits that on February 15, 2022, it provided employees with additional information on the COVID-19 vaccine mandate that included instructions on how to complete a "Religious Accommodation Request Form."  Defendant denies any remaining allegations in this Paragraph.

18.     AZ set a deadline of February 28, 2022 to apply for the exemption.

**RESPONSE:**    Defendant admits that its announcements regarding the COVID-19 vaccine mandate set February 28, 2022 as the deadline for employees to submit a request for an exception or for an accommodation.  Defendant denies any remaining allegations in this Paragraph.

19.    Mr. Whitehill submitted his application in a timely manner.

**RESPONSE:**    Admitted.

20.    The application included a letter from the pastor of Peine Ridge Reformed Baptist Church, explaining that Mr. Whitehill believes that "he must submit every area of his life to the teaching of the Christian scriptures" and that he strives to do so "in a manner that is consistent with the doctrines of our church and the dictates of his conscience." (*See* Religious Reasonable Accommodation Request Form, attached hereto as **Exhibit 1** and incorporated as though fully restated and set forth herein.)

**RESPONSE:**    This Paragraph characterizes and/or quotes a written document that speaks for itself; therefore, no response is required.  To the extent a response is required, Defendant admits that the language quoted in this Paragraph appears in Exhibit 1 to the Petition.  Defendant denies any remaining allegations in this Paragraph.

21.    In his application for exemption, Mr. Whitehill described how his religious beliefs required accommodation, going so far as to provide citations to specific quotations from Scripture supporting his beliefs. (*See* **Exhibit 1**.)

**RESPONSE:**    This Paragraph characterizes a written document that speaks for itself; therefore, no response is required.  To the extent a response is required, Defendant admits that Exhibit 1 to the Complaint purports to be Plaintiff's religious reasonable accommodation request form which purports to cite scripture.  Defendant denies any remaining allegations in this Paragraph.

22.    In his application, Mr. Whitehill further explained that he does not take any vaccines or any type of medication because God created his immune system and he objects to "the intrusion of any medical intervention designed to modify God's design of his immune system."

**RESPONSE:**    This Paragraph characterizes and/or quotes a written document that speaks for itself; therefore, no response is required.  To the extent a response is required, Defendant

6

admits that Exhibit 1 to the Complaint purports to be Plaintiff's religious reasonable accommodation request form and that the language quoted in this Paragraph appears in it. Defendant denies any remaining allegations in this Paragraph.

23.    He also expressed objection to weekly PCR COVID testing because of fears that the substances contained in the test could injure his body. (*See* **Exhibit 1**.) However, while he objected to the PCR COVID testing requirement, Mr. Whitehill expressed his willingness to do weekly testing in lieu of vaccination.

**RESPONSE:**    This Paragraph characterizes and/or quotes a written document that speaks for itself; therefore, no response is required.  To the extent a response is required, Defendant admits that Exhibit 1 to the Complaint purports to be Plaintiff's reasonable accommodation request form.  Defendant denies any remaining allegations in this Paragraph, including that Plaintiff ever expressed to Defendant "his willingness to do weekly testing in lieu of vaccination."

24.    On March 31, 2022, AZ rejected his accommodation request, stating that he was "not qualified for a reasonable accommodation."

**RESPONSE:**    This Paragraph characterizes and/or quotes a written document that speaks for itself; therefore, no response is required.  To the extent a response is required, Defendant admits that it did not grant Plaintiff his requested accommodation to its COVID-19 vaccine mandate for U.S. employees and one reason was because he was not qualified for an accommodation based on his request, and that this decision was communicated to Plaintiff on March 31, 2022.  Defendant denies any remaining allegations in this Paragraph.

25.    AZ also stated that it was rejecting his request because it would cause AZ "undue hardship" in that it could lead to "business disruption/increased costs resulting from illness-related absences."

**RESPONSE:**    This Paragraph characterizes and/or quotes a written document that speaks for itself; therefore, no response is required.  To the extent a response is required, Defendant admits that providing accommodation requests can cause Defendant undue hardships and lead to

business disruption/increased costs resulting from illness-related absences. Defendant denies any remaining allegations in this Paragraph.

26.    AZ's rejection additionally stated that the decision was "final and not subject to appeal" and that Mr. Whitehill's employment would be "terminated without severance" on April 29, 2022 if he chose not to get vaccinated. (*See* March 31, 2022 Email from AZ to Plaintiff, attached as **Exhibit 2** and incorporated as though fully restated and set forth herein**.**)

**RESPONSE:**    This Paragraph characterizes and/or quotes a written document that speaks for itself; therefore, no response is required. To the extent a response is required, Defendant admits that its denial of Plaintiff's accommodation request as submitted was final and not subject to appeal and that if Plaintiff chose to remain out of compliance with Defendant's COVID-19 vaccine mandate for U.S. employees, he would be terminated without severance on April 29, 2022.

27.    AZ improperly and incorrectly concluded that Mr. Whitehill's accommodation request was based on personal, and not religious, beliefs.

**RESPONSE:**    Denied.

28.    Despite AZ's conclusion that granting Mr. Whitehill's accommodation request would cause it undue hardship, it approved a substantially similar accommodation request from a 33-year-old employee who was twenty-three years younger than Mr. Whitehill. The younger employee was permitted to be tested for COVID-19 every week rather than get vaccinated for it.

**RESPONSE:**    Denied.

29.    Upon information and belief, the other employee did not belong to the same church as Mr. Whitehill.

**RESPONSE:**    Plaintiff's only remaining viable claim is his religious discrimination claim; because these allegations or portions thereof are unrelated to Plaintiff's religious discrimination claim, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph, and therefore denies the allegations in this Paragraph.

30.    As represented in AZ's correspondence rejecting Mr. Whitehill's accommodation request, he was terminated from his employment with no severance on April 29, 2022.

**RESPONSE:**    Defendant admits that when Plaintiff refused to get vaccinated after his request for an accommodation was denied, it terminated his employment effective April 29, 2022 and it did not offer Plaintiff severance.    Defendant denies any remaining allegations in this Paragraph.

31.    On or about May 28, 2022, Mr. Whitehill filed a charge of discrimination against Defendant with the Missouri Commission on Human Rights ("MCHR"). (*See* Charge of Discrimination, attached hereto as **Exhibit 3** and incorporated as though fully restated and set forth herein.)

**RESPONSE:**    This Paragraph characterizes a written document that speaks for itself; therefore, no response is required.  To the extent a response is required, Defendant admits that Exhibit 3 purports to be a charge of discrimination Plaintiff filed on May 28, 2022 with the Missouri Commission on Human Rights ("MCHR").

32.    Upon information and belief, on June 1, 2022, MCHR notified Defendant that Plaintiff had filed his charge of discrimination.

**RESPONSE:**    Denied.

33.    As noted, Plaintiff Whitehill was 56 years old at the time of his termination.

**RESPONSE:**    Plaintiff's only remaining viable claim is his religious discrimination claim; because these allegations or portions thereof are unrelated to Plaintiff's religious discrimination claim, no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and therefore denies the allegations in this Paragraph.

34.    At all points during his employment, Plaintiff was a highly qualified, high-performing employee and highly competent in executing his required duties.

**RESPONSE:**    The allegations in this Paragraph are vague and ambiguous as to "highly qualified," "highly performing employee," and "highly competent in executing his required duties."  Answering further, Defendant admits that Plaintiff's performance prior to the COVID-19

vaccine mandate was unrelated to his termination.  Defendant denies any remaining allegations in this Paragraph.

35.    Upon information and belief, Defendant replaced Plaintiff with a younger, less qualified employee.

**RESPONSE:**    Denied.

36.    On March 27, 2023, MCHR issued Plaintiff Whitehill a Right to Sue. (*See* Right to Sue, attached hereto as **Exhibit 4** and incorporated as though fully restated and set forth herein.)

**RESPONSE:**    This Paragraph characterizes a written document that speaks for itself; therefore, no response is required.  To the extent a response is required, Defendant admits that Exhibit 4 purports to be a "Notice of Right to Sue" letter from the MCHR to Plaintiff dated March 27, 2023.

37.    Plaintiff has filed this lawsuit within two years of his termination and within ninety days of receiving a right to sue letter from the Missouri Commission on Human Rights.

**RESPONSE:**    Defendant admits that Plaintiff filed this lawsuit within two years of his termination.  Defendant lacks knowledge or information sufficient to admit or deny any remaining allegations in this Paragraph, and therefore denies any remaining allegations in this Paragraph.

38.    Plaintiff has incurred substantial economic and non-economic harm and seeks damages in excess of $25,000, to be determined at trial.

**RESPONSE:**    Defendant admits that Plaintiff purports to seek more than $25,000 in damages, specifically denies that Plaintiff is entitled to any damages, and denies the remaining allegations in this Paragraph.

**FIRST CLAIM FOR RELIEF**

**Discrimination – Religion – Violation of Missouri Human Rights Act,
Section 213.010 et seq., RSMo 1986**

39.    Plaintiff reasserts the prior allegations of this Complaint as though set forth fully herein.

**RESPONSE:**    Defendant restates and incorporates its answers to all prior allegations as though fully set forth herein.

40.    Defendant, by its actions and failures to act, including but not limited to those described above, discriminated against Plaintiff because of his religion in violation of the Missouri Human Rights Act.

**RESPONSE:**    Denied.

41.    Plaintiff was treated less favorably than other similarly situated employees who did not share his faith.

**RESPONSE:**    Denied.

42.    Plaintiff's religious beliefs were a motivating factor in Defendant's decision to take all adverse actions against Plaintiff, including terminating Plaintiffs' employment.

**RESPONSE:**    Denied.

43.    As a result of Defendant's discriminatory actions and failures to act as described herein, Plaintiff has suffered non-diagnosed emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

**RESPONSE:**    Denied.

44.    In addition, Plaintiff has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs, and expenses of suit.

**RESPONSE:**    Defendant lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and therefore denies the allegations in this Paragraph.

45.    Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and, as such, warrants an award of punitive damages in such sum as will serve to punish Defendant and to deter it and others from like conduct.

**RESPONSE:**    Denied.

## SECOND CLAIM FOR RELIEF

### Discrimination – Sex – Violation of Missouri Human Rights Act, Section 213.010 et seq., RSMo 1986

46.    Plaintiff reasserts the prior allegations of this Complaint as though set forth fully herein.

**RESPONSE:**    Defendant restates and incorporates its answers to all prior allegations as though fully set forth herein.

47.    Defendant, by its actions and failures to act, including but not limited to those described above, discriminated against Plaintiff because of his sex in violation of the Missouri Human Rights Act.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

48.    Upon information and belief, Plaintiff was treated less favorably than other similarly situated female employees, who were not terminated.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

49.    Plaintiff's sex was a motivating factor in Defendant's decision to take all adverse actions against Plaintiff, including terminating Plaintiffs' employment.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

50.    As a result of Defendant's discriminatory actions and failures to act as described herein, Plaintiff has suffered non-diagnosed emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

51.    In addition, Plaintiff has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs, and expenses of suit.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

52.    Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and, as such, warrants an award of punitive damages in such sum as will serve to punish Defendant and to deter it and others from like conduct.

**RESPONSE:**   Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

### THIRD CLAIM FOR RELIEF

### Discrimination – Age – Violation of Missouri Human Rights Act, Section 213.010 et seq., RSMo 1986

53.   Plaintiff reasserts the prior allegations of this Complaint as though set forth fully herein.

**RESPONSE:**   Defendant restates and incorporates its answers to all prior allegations as though fully set forth herein.

54.   Defendant, by its actions and failures to act, including but not limited to those described above, discriminated against Plaintiff because of his age in violation of the Missouri Human Rights Act.

**RESPONSE:**   Pursuant to the Order, the Court dismissed this claim and therefore no response to this Paragraph is required.

55.   Plaintiff was treated less favorably than other similarly situated younger employees, who were not terminated.

**RESPONSE:**   Pursuant to the Order, the Court dismissed this claim and therefore no response to this Paragraph is required.

56.   Plaintiff's age was a motivating factor in Defendant's decision to take all adverse actions against Plaintiff, including terminating Plaintiffs' employment.

**RESPONSE:**   Pursuant to the Order, the Court dismissed this claim and therefore no response to this Paragraph is required.

57.   As a result of Defendant's discriminatory actions and failures to act as described herein, Plaintiff has suffered non-diagnosed emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

**RESPONSE:**   Pursuant to the Order, the Court dismissed this claim and therefore no response to this Paragraph is required.

58.    In addition, Plaintiff has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs, and expenses of suit.

**RESPONSE:**    Pursuant to the Order, the Court dismissed this claim and therefore no response to this Paragraph is required.

59.    Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and, as such, warrants an award of punitive damages in such sum as will serve to punish Defendant and to deter it and others from like conduct.

**RESPONSE:**    Pursuant to the Order, the Court dismissed this claim and therefore no response to this Paragraph is required.

## FOURTH CLAIM FOR RELIEF

**Discrimination – Race and Color – Violation of Missouri Human Rights Act, Section 213.010 et seq., RSMo 1986**

60.    Plaintiff reasserts the prior allegations of this Complaint as though set forth fully herein.

**RESPONSE:**    Defendant restates and incorporates its answers to all prior allegations as though fully set forth herein.

61.    Defendant, by its actions and failures to act, including but not limited to those described above, discriminated against Plaintiff because of his race and color in violation of the Missouri Human Rights Act.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

62.    Plaintiff was treated less favorably than other similarly situated non-white/Caucasian employees.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

63.    Plaintiff's race and color were a motivating factor in Defendant's decision to take all adverse actions against Plaintiff, including terminating Plaintiffs' employment.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

64.    As a result of Defendant's discriminatory actions and failures to act as described herein, Plaintiff has suffered non-diagnosed emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

65.    In addition, Plaintiff has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs, and expenses of suit.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

66.    Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and, as such, warrants an award of punitive damages in such sum as will serve to punish Defendant and to deter it and others from like conduct.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

## FIFTH CLAIM FOR RELIEF

### Retaliation - Violation of Missouri Human Rights Act, Section 213.010 et seq., and Section 213.070.1(2), RSMo 1986

67.    Plaintiff reasserts the prior allegations of the Complaint as though set forth fully herein.

**RESPONSE:**    Defendant restates and incorporates its answers to all prior allegations as though fully set forth herein.

68.    Defendant, by its actions and failures to act, including but not limited to those described above, retaliated against Plaintiff for opposing Defendant's illegal discriminatory practices as more fully described above, all in violation of the Missouri Human Rights Act.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

69.     Plaintiff's opposition to AZ's illegal discrimination, was a motivating factor in Defendant's decision to retaliate and take all adverse actions against Plaintiff complained of herein, including terminating Plaintiffs' employment.

**RESPONSE:**   Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

70.     As a result of Defendant's retaliation, Plaintiff has suffered non-diagnosed emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

**RESPONSE:**   Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

71.     In addition, Plaintiff has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs, and expenses of suit.

**RESPONSE:**   Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

72.     Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and, as such, warrants an award of punitive damages in such sum as will serve to punish Defendant and to deter it and others from like conduct.

**RESPONSE:**   Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

### SIXTH CAUSE OF ACTION

### Negligent Hiring, Supervision, and Retention

73.     Plaintiff reasserts the prior allegations of the Complaint as though set forth fully herein.

**RESPONSE:**   Defendant restates and incorporates its answers to all prior allegations as though fully set forth herein.

74.     Plaintiff Whitehill was entitled to a lawful and productive work environment. He was additionally entitled to have his accommodation request considered by persons who would not discriminate or retaliate against him for making it.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

75.    When AZ employees, officers, and/or agents reviewed Plaintiff Whitehill's accommodation request, they discriminated against him on the basis of his age, sex, and religion and rejected his accommodation request.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

76.    At the same time, AZ approved the substantively similar accommodation request from another employee that was twenty-three years younger.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

77.    Defendant AZ encouraged this behavior and the violations of public policy and the law by allowing the persons who reviewed his accommodation request to remain employees of AZ.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

78.    Defendant AZ failed to properly supervise and improperly retained these individuals who reviewed Plaintiff's accommodation request after learning of their illegal, improper, and immoral behavior.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

79.    Under the doctrine of *respondeat superior*, Defendant AZ, as the employer of the persons who reviewed Plaintiff's accommodation request, is vicariously liable for the wrongful conduct of its employees, officers, agents, and managers.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

80.    As his employer, Defendant AZ has a duty to hire, employ, supervise, manage, and retain employees who are fit for those positions. AZ has a duty to see that managerial and supervisory employees properly exercise the authority and power entrusted to them in the workplace.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

81.    AZ breached these duties by failing to properly screen, train, and control their employees, officers, and/or agents. Those breaches include, but are not necessarily limited to, failing to develop, implement, and evaluate the effectiveness of proper policies and procedures to keep employees, officers, and/or agents from discriminating against Plaintiff and others on the basis of sex, religion, and/or age and to ensure that managers and supervisors understand and comply with applicable laws, including those against retaliating against an employee for engaging in protected conduct.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

82.    By hiring and retaining the persons who reviewed Plaintiff's accommodation request after learning of their immoral, improper, and illegal behavior, AZ acted recklessly by exposing Whitehill to them.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

83.    AZ's breach and negligence caused harm, severe physical injury, pain, suffering, and emotional distress to Plaintiff, and he is entitled to be compensated in an amount to be determined at trial.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

84.    AZ's breach of its supervisory duty was a direct and proximate cause of the injuries and loss suffered by Plaintiff Whitehill, who is entitled to an award of punitive damages in an amount sufficient to punish and deter AZ and all others from engaging in this conduct.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

85.    As a direct and proximate result of AZ's negligent hiring, supervision, and retention, Whitehill had to secure the services of attorneys to pursue this action, and he is entitled to recover his reasonable attorneys' fees and costs.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

## SEVENTH CAUSE OF ACTION

### Discrimination Based on Association – Violation of Missouri Human Rights Act, Section 213.070.1(4), RSMo 1986

86.    Plaintiff reasserts the prior allegations of the Complaint as though set forth fully herein.

**RESPONSE:**    Defendant restates and incorporates its answers to all prior allegations as though fully set forth herein.

87.    Defendant AZ intentionally discriminated against Plaintiff Whitehill for associating with other persons who are members of a class protected by the Missouri Human Rights Act. To wit: Plaintiff associated with Christians, both within and outside of AZ, who opposed COVID-19 vaccination as a matter of their religious faith.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

88.    Defendant's intentional discriminatory conduct resulted in Plaintiff Whitehill's wrongful termination.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

89.    Plaintiff's association with Christians within and without AZ who oppose COVID-19 vaccination as a matter of their religious faith, was a motivating factor in Defendant's decision to take all adverse actions against Plaintiff complained of herein, including terminating Plaintiffs' employment.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

90.    As a result of Defendant's discrimination, Plaintiff has suffered non-diagnosed emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

91.    In addition, Plaintiff has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs, and expenses of suit.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

92.    Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and, as such, warrants an award of punitive damages in such sum as will serve to punish Defendant and to deter it and others from like conduct.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

## EIGHTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

93.    Plaintiff reasserts the prior allegations of the Complaint as though set forth fully herein.

**RESPONSE:**    Defendant restates and incorporates its answers to all prior allegations as though fully set forth herein.

94.    Defendant AZ owed Plaintiff Whitehill a duty of care not to subject him or allow him to be subjected to unlawful discrimination and retaliation in the performance of his employment responsibilities or in the reasonable requests that he made to his supervisors at AZ.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

95.    Defendant AZ knew or should have known that its employees, officers, and/or agents denying his reasonable accommodation request and threatening with termination if he did not receive the COVID-19 vaccination were breaches of that duty to Whitehill and were likely to result in mental, physical, and/or emotional injury to Whitehill.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

96.    AZ permitting its employees, officers, and/or agents to deny Plaintiff's reasonable accommodation request and terminating his employment were breaches of the duty owed to Whitehill and were likely to – and did – result in mental, physical, and/or emotional injury to Plaintiff Whitehill.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

97.    As a direct and proximate result of Defendant AZ's negligent infliction of emotional distress, Whitehill has suffered damages and is entitled to recover compensatory and other damages related thereto.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

98.    Under the doctrine of *respondent superior*, AZ is liable for the discriminatory and retaliatory actions of its employees, officers, and/or agents.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

99.    As a result of this conduct, Mr. Whitehill has suffered damages in an amount to be proven at trial.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

100.    As a direct and proximate result of Defendant's negligent infliction of emotional distress, Whitehill had to secure the services of an attorney to pursue this action and is entitled to recover his reasonable attorneys' fees and costs.

**RESPONSE:**    Pursuant to the Withdrawal, Plaintiff withdrew this claim and therefore no response to this Paragraph is required.

### PRAYER FOR RELIEF – Applicable to All Counts

WHEREFORE, Plaintiff prays as follows:

A.    For a trial by jury on all issues;

B.    For damages allowable under statutes prohibiting discrimination and retaliation, including but not limited to back pay, front pay, lost benefits, interest on back pay, compensation for emotional distress, punitive damages, attorney's fees, and costs of suit, all as determined at trial;

C.    For all damages allowed or recoverable under Missouri law for the intentional torts, including compensatory, special, general, and consequential damages;

D.    For punitive damages in an amount sufficient to deter Defendant from engaging in such conduct in the future and as an example to other employers and elected officials not to engage in such conduct;

E.    For costs of this action, including reasonable attorneys' fees and costs;

F.    For a finding that Defendant AZ violated the MHRA and that such violation was willful;

G.    For prejudgment and post-judgment interest as allowable by law; and

H.    For such other and further relief as the Court shall deem just and proper.

**RESPONSE:**    Defendant denies the allegations set forth in each and every paragraph of the Prayer for Relief, denies that Plaintiff is entitled to the relief sought in each and every paragraph of the Prayer for Relief, or any of them, and denies that Plaintiff is entitled to any relief whatsoever.

## DEFENSES

Defendant asserts the following defenses without conceding that Defendant bears the burden of proof as to any of them.  Defendant reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

1.    Plaintiff's Petition, in whole or in part, fails to state facts sufficient to state a claim upon which relief may be granted.

2.    Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations.

3.    Plaintiff's claims are barred to the extent that Plaintiff failed to exhaust his internal and/or administrative remedies.

4.    Plaintiff's claims, in whole or in part, are barred by the doctrine of estoppel.

5.    Plaintiff's claims, in whole or in part, are barred because such claims have been waived, discharged, and/or abandoned.

6.    Plaintiff's claims, in whole or in part, are barred by the doctrine of laches.

7.    Plaintiff's claims, in whole or in part, are barred by his unclean hands and/or inequitable or wrongful conduct.

8.    Each and every action taken by Defendant with regard to Plaintiff's employment was based upon legitimate, non-discriminatory reasons.

9.    Plaintiff is not entitled, on the law or the facts, to any of the damages claimed.

10.    Damages sustained by Plaintiff, the existence of which are denied, were solely and proximately caused by his own negligent, reckless, or intentional conduct.

11.    To the extent that Plaintiff received any income from other employment or any other sources, such monies must be offset against any damages allegedly due to him from Defendant, the existence of which are denied.

12.    Plaintiff's claims for damages, in whole or in part, are barred to the extent that he failed to mitigate or minimize his damages, the existence of which are denied.

13.    Plaintiff's claims for damages are barred to the extent that they exceed the amounts recoverable, if any, by applicable law.

14.    Plaintiff's claims fail because any actions of Defendant were at all times taken in compliance with and/or as required by the laws of the United States and/or of the states which regulate Defendant (including the State of Delaware) and taken in good faith and with reasonable grounds for believing that any alleged acts and omissions were not in violation of the law.

15.    To the extent that any of Defendant's alleged actions or omissions were unlawful, which Defendant expressly denies, no such actions or omissions constitute a willful violation, but rather were done in good faith, based on a reasonable belief that any such actions or omissions were in conformity with the law, and in reliance on the law.

16.    If any damages have been sustained by Plaintiff, although Defendant denies that Plaintiff was subject to any damages due to its actions or inactions, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

17.    Plaintiff's claims may be barred, in whole or in part, by the after-acquired evidence doctrine.

18.    Plaintiff refused to engage in good faith in the interactive process with Defendant.

19.    Plaintiff has not demonstrated that he is or was eligible for a reasonable accommodation.

20.    If Plaintiff is able to prove any discrimination occurred, which Defendant denies, Defendant reserves the right to present a mixed-motive defense.

21.    Plaintiff's claims grounded upon an alleged failure to accommodate are barred because any reasonable accommodation for Plaintiff would have imposed an undue hardship upon Defendant.

22.    Any claims for punitive damages are inappropriate because all actions regarding Plaintiff were taken in good-faith efforts to comply with all applicable statutes and laws and for legitimate reasons, Defendant did not act with an improper motive or reckless disregard of Plaintiff, and/or Plaintiff cannot prove a willful violation.  Further, an award of punitive damages would be an unconstitutional denial of Defendant's rights to due process and/or equal protection under the Fifth and Fourteenth Amendments of the United States Constitution.

## <u>RESERVATION OF RIGHTS</u>

Defendant reserves the right to amend its responses above and to assert additional defenses as established by the facts of the case through discovery and/or its continuing investigation.

Defendant respectfully requests that the Petition be dismissed in its entirety, with prejudice, and that the Court award Defendant the cost of its defense, including reasonable attorneys' fees, and such other relief as the Court deems appropriate.

Dated: August 27, 2024                          Respectfully submitted,

                                                */s/ Thomas H. Severson*
                                                Elizabeth Herrington
                                                Thomas H. Severson (Pro Hac Vice)
                                                MORGAN, LEWIS & BOCKIUS LLP
                                                110 North Wacker Drive, 28th Floor
                                                Chicago, IL 60606
                                                (312) 324-1000
                                                beth.herrington@morganlewis.com
                                                tom.severson@morganlewis.com

                                                Jocelyn R. Cuttino
                                                (Pro Hac Vice Forthcoming)
                                                MORGAN, LEWIS & BOCKIUS LLP
                                                1111 Pennsylvania Avenue NW
                                                Washington, DC 20004-2541
                                                (202) 739-3000
                                                jocelyn.cuttino@morganlewis.com

                                                Daniel Arnold Kadish (Pro Hac Vice)
                                                MORGAN, LEWIS & BOCKIUS LLP
                                                101 Park Avenue
                                                New York, NY 10178
                                                (212) 309-6328
                                                daniel.kadish@morganlewis.com

                                                *Attorneys for Defendant AstraZeneca*
                                                *Pharmaceuticals LP*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification to all counsel of record.

*/s/ Thomas H. Severson*
Thomas H. Severson
