UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS WHITEHILL, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-01030-MTS |
| | ) | |
| ASTRAZENECA PHARMACEUTICALS LP, | ) | |
| | ) | |
| | ) | |
| Defendant(s). | ) | |

**ORDER**
**REFERRING CASE TO ALTERNATIVE DISPUTE RESOLUTION**

After due consideration of the issues and in consultation with the parties, the Court finds

that this cause is appropriate for referral to an alternative form of dispute resolution as provided

by the local rules of this Court.

**IT IS HEREBY ORDERED** that:

(a)    Referral to ADR: This case is referred to:  **Mediation**

(b)    Conduct of ADR Conference(s): The ADR conference(s) shall be conducted in

accordance with the procedures outlined in E.D.Mo. L.R. 6.01 - 6.05.

(c)    Scheduling ADR Conference(s): The ADR conference(s) shall be concluded before

**March 3, 2025**, unless extended by order of the Court.  Although ADR conferences may be

conducted at any location agreed to by the parties, counsel, and the assigned neutral, the parties

are advised that such conferences may be conducted in designated space in the United States

District Court, 111 South 10th Street, St. Louis, Missouri, and United States District Court, 555

Independence Street, Cape Girardeau, Missouri, by making arrangements with the Office of the

Clerk.

(d)    General Rules Governing ADR Conference(s): The ADR procedures are defined

and the process shall be conducted in accordance with E.D.Mo. L.R. 6.01-6.05. The following

Orders are entered in this matter:

(1)    Designation of Lead Counsel:    **Jonathon Christian Burns** is designated as
lead counsel and shall be responsible for working with the parties and the neutral to
coordinate an agreeable date, time, and, if necessary, location for the initial ADR
conference.

(2)    Responsibilities of Lead Counsel: Not later than **January 23, 2025**, lead
counsel shall notify the clerk of the agreed choice of neutral selected by the parties
and the date, time and location of the initial ADR Conference (see Designation of
Neutral/ADR Conference Report form, <www.moed.uscourts.gov>, ADR, forms).
Upon selection of the neutral, lead counsel shall send a copy of this order to the
neutral.

(3)    Authority of the Neutral: The neutral shall have authority to consult and
conduct conferences and private caucuses with counsel, individual parties, corporate
representatives and claims professionals, to suggest alternatives, analyze issues and
positions, question perceptions, stimulate negotiations, and keep order.

(4)    Compliance with Deadlines: All deadlines must be complied with in a timely
fashion and the appropriate forms filed with the Clerk of the District Court. If a
deadline cannot be met, the designated lead counsel shall **file a motion requesting
an extension of the deadline** prior to the expiration of that deadline. Noncompliance
of any deadline set herein by this Court may result in the imposition of sanctions to
the appropriate party or parties.

(e)    Local Rule 6.02 – Duties of Participants: Counsel for all parties is directed to

review E.D.Mo. Local Rule 6.02 in its entirety.  The Court specifically notes the General

Attendance Requirements as set forth below:

(1)    Attendance and Participation: All named parties and their counsel are required
to attend the ADR conference, participate in good faith, and possess the requisite
settlement authority unless excused under this Rule. The attendance requirement is
satisfied by appearing in person or by video conference, unless in-person attendance
is Ordered by the Court or required by the neutral. Unless excused by the neutral for
good cause shown, when appearing by video conference, persons must be visibly
present in front of their camera with audio and video turned on so that audio and
visual interaction with all parties can occur.

(2)    Disclosure of Participants and Manner of Attendance:  Not later than fourteen (14) days prior to the ADR Conference, each party will provide to all parties, and to the neutral, a list of all persons who will participate in the ADR Conference on behalf of the party making the disclosure.  This list shall state the names of the individuals attending and their general job titles and shall state whether each person is attending in person or by videoconference.

(3)    Contesting Attendance: Any party contesting the manner of attendance listed in another party's disclosure, or the lack of attendance by any party who would be necessary in any way to achieve settlement, must inform the neutral in writing of their contest, simultaneously copying all counsel, no fewer than ten (10) days prior to the date set for the conference. The neutral may contact the parties and attempt to resolve the contest but must make a final determination in writing to all parties on attendance requirements no fewer than seven (7) days prior to the date set for the conference.  The neutral may allow attendance by videoconference, require in-person attendance, or excuse attendance. Any party contesting any attendance determination by the neutral may file a motion with the Court no fewer than four (4) days prior to the date set for the conference, stating the reasons for the objection to the neutral's determination and providing alternatives for attendance compliance. The Court may Order attendance by videoconference, in-person attendance, or excuse attendance; or the Court may enter any other appropriate Order necessary for the attendance of the parties.  On its own authority, the Court may alter the deadlines set forth this in section.

**Nothing in this order alters the Case Management Order previously entered in this case. All deadlines set forth in that Case Management Order remain in full force and effect.**

Dated this 2nd day of January 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS WHITEHILL,<br><br>Plaintiff(s),<br><br>v.<br><br>ASTRAZENECA PHARMACEUTICALS LP,<br><br>Defendant(s). | ) | No. 4:23-CV-01030-MTS |

**DESIGNATION OF NEUTRAL BY PARTIES**
**AND**
**ADR CONFERENCE REPORT**

Pursuant to the Court's Order Referring Case to ADR for **Mediation**, dated January 2, 2025, the parties hereby designate by agreement the following individual from the Court's list of Certified Neutrals to serve as Neutral in the above-styled action.

Name of Neutral/Firm: ______________________________

Firm Address: ______________________________

______________________________

Telephone: ____________ Fax: ____________

**The attorneys of record in this case are:**

Lead Counsel: ______________________________

Firm Address: ______________________________

______________________________

Telephone: ____________ Fax: ____________

Other Counsel: ______________________________

Firm Address: ______________________________

______________________________

Telephone: ____________ Fax: ____________

**The completion deadline for this ADR referral is March 3, 2025.**

The parties, in consultation with the assigned neutral, hereby designate by agreement the

following date, time, and location of the initial ADR conference

Date of Conference: _____, 20____

Time of Conference: _____ a.m./p.m.

Location of Conference (Check One):

☐ Designated Space at:   Eastern District of Missouri
                         Thomas F. Eagleton Courthouse
                         111 South 10th Street
                         St. Louis, MO 63102

☐ Other Location:        _____

                         _____

All parties and the assigned neutral have been given at least fourteen (14) days notice of

the above-dated conference.  The neutral shall schedule any additional conference(s) in

consultation with the parties.

We, the undersigned parties to this action, declare that this designation is both consensual

and mutual

_____                    _____

Date                                _____
                                    Signature of Plaintiff(s)

                                    _____

                                    _____
                                    Signature of Defendant(s)